CASE 17—PETITION ORDINARY—JANUARY 27.

# National Mutual Benefit Association v. Miller.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. BENEFIT SOCIETIES—NOTICE OF ASSESSMENTS.—Where the charter of a benefit society provides that any member failing to pay his assessment within thirty days "from the date of notice" shall forfeit his membership, the time within which the payment is to be made, when the notice is to be sent by mail, is not to be computed from the actual date of the notice, or from the day it was mailed to the member, but from the time at which the notice would, in the regular course of the mail, be received.

In this case notice was sent by mail October 30, and actually received October 31. Payment was tendered December 1. *Held*—That the tender was too late. The assessment should have been paid November 30.

2. ALTHOUGH "THANKSGIVING DAYS" ARE MADE HOLIDAYS by the statute, they are not treated as the Christian Sabbath except as to commercial paper, and where money becomes due on such a day the debtor is in default if he fails to pay on that day.

3. THE CUSTOM OF A BENEFIT SOCIETY TO RECEIVE ASSESSMENTS AFTER THE LAPSE OF THE TIME WITHIN WHICH THEY ARE REQUIRED BY THE CHARTER TO BE PAID does not make it the duty of the society to receive an assessment from a member in default, when his health has become so impaired as to increase the risk when payment is tendered.

National Mutual Benefit Association v. Miller.

4. A SPECIAL FINDING BY THE JURY UPON AN ISSUE NOT RAISED by any pleading, except one which the court refused to allow to be filed, will not be considered.

HELM & BRUCE FOR APPELLANT.

1. The plaintiff had no insurable interest in the life of the insured. (Bayse v. Adams, 81 Ky., 368.)

2. The certificate of membership was void on account of false and fraudulent misrepresentations contained in the application. Fraud consists in the suppression of truth as well as in the representation of falsehood. (Talbott v. Todd, 5 Dana, 196; Graves v. Lebanon National Bank, 10 Bush, 32; Wood v. Wood, 78 Ky., 629; May on Insurance, sec. 203.)

3. Affidavits by the insured as to his health, filed before the pension commissioners, were competent to show that the insured not only knew the facts therein stated, but also knew their materiality, and the rejection of those affidavits was error.

Evidence may be admitted for one purpose though not for another. (Worthley v. Hammond, 13 Bush, 511.)

4. But these affidavits were competent evidence *of the facts therein stated.* Both the plaintiff and the insured were beneficiaries of the policy, and where parties are associated in a common interest by their own act, the admissions of one are good against the others. (Beall v. Cunningham, 1 B. Mon., 401; Rogers v. Rogers, 2 B. Mon., 325; Milton v. Hunter, 13 Bush, 167.)

5. Payment of the assessment of October 30, 1882, was not tendered in time, and, therefore, the membership of the insured was forfeited.

Although the charter provides that payment must be made thirty days after *date* of notice, the plaintiff alleges that his contract was to pay thirty days after *notice,* so the day of the notice must be counted as the first of the thirty days; so whatever may be considered the day of notice, the thirty days did not expire later than November 29.

But even if the day of notice is to be excluded, the thirty days did not expire later than November 29. since the day the notice is *mailed,* and not the day it is *received,* is to be regarded as the date of the notice.

But in any event the thirty days did not expire later than November 30, and the fact that that was "Thanksgiving Day" did not have the effect to extend the time.

The statute expressly provides what shall be the effect of the holidays named therein, and does not provide for their affecting such a contract as the one in this case. (Gen. Stats., chap. 51.)

The history of legislation in this State supports the construction of the statute contended for by appellant. (Act of January 14, 1864; Myers' Sup., 260; Act of February 7, 1868; Acts of 1868, vol. 1, p. 10.)

National Mutual Benefit Association v. Miller.

The cases of Commercial Bank of Kentucky v Varnum, 11 Am. Law Reg., 407; and Hughes v. Griffiths, 13 Com. Bench (N. S.), 332, explained.

6. In order to bring his case within the custom pleaded, the plaintiff was obliged to show that the custom was to receive overdue assessments *without question or condition*, and on that point the jury found against him.

7. The action was premature, as the sixty days after proof of· death, the time given the defendant in which to pay, had not expired.

BULLITT & HARRIS AND C. S. SHIELDS OF COUNSEL ON SAME SIDE.

SIMRALL & BODLEY AND F. W. MORANCEY FOR APPELLEE.

1. Unless the verdict is *flagrantly* opposed to the evidence, it cannot be disturbed. (Pettis v. Smith, 2 Mar., 195; D. L. & N. T. R. R. Co. v. Stewart, 2 Met., 122; Cusky v. January, Hard., 539; Robertson v. Gentry, 2 Bibb, 542; Creel v. Bell, 2 J. J. Mar., 310; Johnson v. Davenport, 3 J. J. Mar., 391; Goodall v. Goodall, 5 J. J. Mar., 597; Kirk v. Kirk, 3 Dana, 54; Banfield v. Bruton, 7. B. Mon., 109; Bright v. Wilson, 7 B. Mon., 123; Page v. Carter, 8 B. Mon., 192; Moore v. Foster, 10 B. Mon., 256; Empire Coal, &c., Co. v. McIntosh, 6 Ky. Law Rep., 635.)

2. Payment of the assessment of October 30, 1882, was tendered in time.
   When time is to be computed from the *date* of an act done, the *day* of the act is to be excluded. (Handley, &c., v. Cunningham's Trustee, &c., 12 Bush, 402.)
   "The date of notice" means the day of receiving the notice. (Cartner v. Farmers' Mut. Ins. Co., 50 Mich., 277.)
   The assessment falling due on Thanksgiving Day, the plaintiff could not be required to pay it until the succeeding day.
   While it is not unlawful to work on a holiday (Richardson v. Goddard, 23 How., 43; Moore v. Hagan, 2 Duvall, 438), one cannot be required to transact any business on such days. (1 Parsons on Notes and Bills, 400; Hammond v. Amer. Mut. Life Ins. Co., 10 Gray, 310; 1 Parsons on Contracts, pp. 282 and 666; Chitty on Contracts, 626, note; The Commercial Bank v. Varnum, 11 Am. Law Reg., 416; Hughes v. Griffiths, 13 Com. Bench (N. S.), 332; Campbell v. Int. L. Ass. Society, 4 Bosw. (N. Y.), 318; Avery v. Stewart, 2 Conn., 69; Brown v. Johnson, 10 M. & W., 331.)

3. The appellant, by reason of the course of its dealings with appellee, is estopped to claim the forfeiture relied upon. The appellant having frequently accepted overdue assessments from appellee without asking any questions, he had the right to believe that the forfeiture, if any, would not be enforced. (Appleton v. Phœnix Mut. Life Ins. Co., 59 N. H., 541; Am. Mut. Aid Society v. Quire, 8 Ky. Law Rep., 101;

Phœnix Ins. Co. v. Darter, 106 U. S., 30; National Mutual Benefit Asso. v. Jones, 7 Ky. Law Rep., 751.)

4. The falsity, the fraud and the materiality of the answers made by the insured must be shown by the defendant. (Campbell v. New England Ins. Co., 98 Mass., 381; Miller v. Mut. Ben. Ass. Co., 31 Iowa, 216; Ins. Co. v. Southard, 8 B. M., 643; May on Insurance, sec. 183.)

5. The statements by the insured in his applications are representations and not warranties. (Act of 1874, Gen. Stats., p. 968; Germania Insurance Co. v. Rudwig, 80 Ky., 225.) And their materiality is a question of fact for the jury to be established by the company. (Mut. Ins. Co. v. Deale, 18 Md., 50; Shroeder v. Stock Ins. Co., 46 Mo., 174; Hardin v. Fire Ins. Co., 20 Fed. Rep., 594; Halloman v. Ins. Co., 1 Woods, 674; Garcelon v. Hampden Fire Ins. Co., 50 Me., 583.)

6. As appellant had given appellee to understand that the insurance would not be paid in any event, proof of death was not necessary. (May on Insurance, secs. 468 and 469; Ætna Ins. Co. v. Shryer, 85 Ind., 362; Home Ins. Co. v. Gaddis & Bowen, 3 Ky. Law Rep., 159; Farmers' Mut. Ins. Co. v. Ensminger, 12 Ins. Law Journal, p. 40.)

7. The affidavits of the insured were properly rejected as evidence. They were the *ex parte* statements of one not a party to the suit, and cannot be permitted to affect the plaintiff. (1 Greenleaf on Evidence, sec. 125.)

The fact that they were the expressions of the affiant does not bring them within the exception to the rule rejecting hearsay evidence, as they did not relate to the affiant's health *at the time*, but at a *prior* time. (Phillips on Evidence, p. 182 (side page 214;) 4 Dana, 80; Swift v. Mass. Mut. Ins. Co., 63 N. Y., 192; Asbury Life Ins. Co. v. Warren, 66 Maine, 523.)

TEMPLE BODLEY on same side in petition for rehearing.

1. While the observance of any day declared by the statute to be a holiday is a privilege, and only a privilege, the citizen cannot be legally *compelled* to transact business on that day. Therefore, where money is due by contract on a holiday, the debtor is not in default if he fails to pay on that day. He is in time if he pays on the succeeding day, as every citizen is presumed to know the "holiday law," and to make his contracts in view of it, as fully as if the statute were incorporated *in hæc verbis* into the contract. (Mose v. Hagan, 2 Duvall, 438; Com. Bank v. Varnum, 11 Am. Law Reg.; Salters v. Burs, 20 Wend., 205; Avery v. Stewart, 2 Conn., 69; School Dist. v. Gage, 39 Mich., 485.)

The case of Richardson v. Goddard, 23 How., 28 explained.

2. "Holiday" defined. (Webster's Dictionary; Bouvier's Law Dictionary; Mose v. Hagan, 2 Duvall, 438.)

3. Thanksgiving is not in Kentucky, as it is in some other States, a mere matter of recommendation by the Governor, but is declared a holiday by statute. (Act of 1864; Act of February 7, 1868; Gen. Stats., chap. 51.)

WM. LINDSAY ON SAME SIDE IN SUPPLEMENTAL PETITION FOR REHEARING.

1. It is a forfeiture of a subsisting right that is claimed in this case, and no liberality of construction should be indulged in favor of a party insisting upon the benefit of a forfeiture.

2. Where there are no days of grace, if the obligation falls due on a Sunday or holiday, the law extends the time for payment till the following day. (Kurtz v. Turpell, 48 Mo., 75; Barnett v. Allen, 10 Ohio, 426.)

3. While the statutes do not prohibit the transaction of business on holidays, they do undertake to release the citizen from the *obligation* to do or perform any of his ordinary duties on that day, and parties will be presumed to have contracted with reference to the statute.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In August, 1878, Jesse D. Seaton being indebted to Miller, the appellee, in a considerable sum of money, became a member of the National Mutual Benefit Association, and named, as his beneficiary, Miller, to secure him in the indebtedness. After he became a member, assessments were made on the deaths of Boes, McDonough and Richardson, of which the insured Seaton had notice, and no payment having been made, it is insisted that Seaton forfeited his membership, and that appellee had no claim upon the company. On the trial of the case a special verdict or finding of facts was returned into court by the jury, and a judgment rendered for the beneficiary, Miller.

Before proceeding to consider the questions arising from the record, it is necessary to notice the objections made by counsel for the company as to one of the findings made by the jury upon an issue not raised by any pleading, and that arises alone from the offer

to file an amended answer that was refused, and was made no part of the proceedings in the court below, by a bill of exceptions or otherwise. The object in offering the amended answer was to raise an issue as to the fraud and misrepresentations of the insured as to the condition of his health when the application to become a member was made. While the verdict of the jury in the special finding would indicate that the question was really considered, still, when counsel for the appellee maintained that no such pleading was filed, and none appearing in the record, we must assume that this defense was not made; or, if so, there was no pleading upon which any verdict, general or special, could have been based as to the alleged fraud and misrepresentation by the insured, and the question alone arises as to the forfeiture of the policy by the non-payment of dues.

By the sixth and seventh sections of the charter of appellant, it is provided "that any member failing to pay his assessment within thirty days from the date of notice shall forfeit his membership," etc. The notice to the assured of the deaths of the members was dated and mailed on the thirtieth of October, 1882, and the letter received on the thirty-first of October, 1882, and the tender of the amount due by the assesssment was made by the beneficiary, Miller, on the first day of December, 1882. It is manifest that the time within which payment is to be made is not to be computed from the actual date of the notice, or from the day it was mailed to the member, but, when sent by mail, from the time at which the notice would, in the regular course of the mail, be received by the member.

In this case the notice was actually received on the day after it was mailed, and if payment is to be made within thirty days from the reception of the notice, then, including the day on which the notice was received, which was the thirty-first of October, 1882, the money should have been paid on the thirtieth of November, 1882, when it was not offered to be paid until the first of December, 1882, and then the company declined to receive the money. The excuse made by the appellee for not paying the dues or assessments on the thirtieth of November, 1882, is: 1. That it was Thanksgiving Day. 2. That it was the custom of the company to receive the amounts after the lapse of thirty days, and to waive the forfeiture in such cases.

The statute in regard to holidays "makes all days appointed by the President of the United States, or by the Governor of this Commonwealth, as days of fasting or thanksgiving, holidays, on which all the public offices of this Commonwealth may be closed, and shall be treated and considered as Sunday or the Christian Sabbath, for all purposes regarding the presenting for payment or acceptance, and of protesting for and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, placed by law upon the footing of bills of exchange." If any of these days named "as holidays shall occur on Sunday, the next day thereafter shall be observed as holiday, but bills of exchange or other paper may be presented for payment or acceptance on the Saturday preceding such holiday, and proceeded on accordingly."

We find nothing in the statute prohibiting business

transactions on Thanksgiving Day, or treating that day as the Christian Sabbath, except as to commercial paper, and being a mere privilege extended the citizen that he may or not exercise, as his judgment dictates, he is required to perform his business engagements on that day, if, by the terms of his contract, such is his undertaking. The office of the insurance company was open on that day, and nothing to prevent the appellee from paying the assessments.

The custom of observing Thanksgiving Day is commendable and proper, but, as said by Justice Grier in the case of Richardson v. Goddard, 23 Howard, 43, "it is but a recommendation—it has not the force of law, nor was it so intended." Although the statute makes it a holiday, all business transactions on that day, not otherwise illegal, are valid and binding on the parties, and except as to commercial paper, all payments of money or delivery of property to be made on a day that is afterwards designated by those in authority as Thanksgiving Day must be complied with, or the contract is violated.

It is urged, however, that it was the custom of the appellant to receive payments after the lapse of thirty days, and that payments had been made by the appellant on the policy in question when a forfeiture had already occurred but for this custom on the part of the company.

The obstacle in the way of appellee's recovery by reason of this alleged custom, that has, to some extent, been established by the proof, is, that when the thirty days had elapsed, and when the money due was tendered by the appellee, the assured was in bad health,

and in a condition that would have prevented a renewal of the policy, or the waiver of the forfeiture, unless by the voluntary action of the company. When the money was tendered, the beneficiary declined to make a statement as to the condition of Seaton's health, and the jury, by a special finding, has said that his health was then bad. Therefore, no claim existed on the part of either Miller or Seaton against this company by reason of the custom in regard to receiving assessments. It can not be said that the company, by reason of its leniency to its members, is compelled to accept the money after the forfeiture, regardless of the member's condition; if so, it would be in effect deciding that no forfeiture could be made after becoming a member of the association. The company may waive the forfeiture—may waive the right to a medical certificate as to health—but when the member is in default there is nothing in such a custom as will prohibit an inquiry by the company as to the health of the member who desires to take advantage of this custom, and to refuse the money when tendered, if the health of the applicant is so much impaired as to increase the risk. That it was greatly impaired is established by the verdict in this case, and, therefore, the company was under no obligation to take the money and reinstate Seaton as a member.

There is no excuse on the part of the appellee for a failure to comply with his contract. He had the entire month of November in which to pay the calls upon him, and was notified that the amount was payable on the twenty-ninth of that month. The case of National Mutual Benefit Association v. Jones, 84

Ky., 110, presents facts entirely different from those appearing in this record. There the money was paid and received by the company after the forfeiture; and not only so, other assessments were made and paid by the assured after that time; and under such circumstances it was held that the forfeiture had been waived and the company estopped to deny that Jones was a member. In the present case the company refused to receive the money, and asserted its right to inquire as to the condition of the health of the assured before doing any act that would estop them from relying on the forfeiture. This it had the right to do, and no custom has been established that would authorize this court in saying that, after default in payment by the member, he could, nevertheless, claim the benefits of the insurance and continue a member, although his health was such as that no company would undertake the risk of an insurance on his life.

With this view of the case, as presented by the special verdict, it is not necessary to consider the other questions made. The judgment is therefore reversed, with directions to enter a judgment for the defendant.