TRIBUNE PUBLISHING COMPANY *vs.* CITY OF DULUTH and others.

## December 4, 1890.

Daily Newspaper.—A newspaper printed and published six days consecutively each week, one of which is Sunday, is a daily newspaper within the intent and meaning of Laws 1889, c. 47.

The city of Duluth having advertised for proposals for publication, in a daily newspaper, of the ordinances, council proceedings, etc., of the city, the plaintiff was an unsuccessful bidder, the contract being awarded to the defendant the Duluth News Company. The plaintiff

thereupon brought this action in the district court for St. Louis county, to enjoin the execution of the contract between the city and the News Company. The plaintiff appeals from an order by *Mills, J.*, (acting for a judge of the 11th district,) dissolving a preliminary injunction.

*Draper & Davis*, for appellant.

*S. D. Allen*, for City of Duluth, respondent.

*Walter Ayers*, for Duluth News Co., respondent.

VANDERBURGH, J. The question presented on this appeal is whether the requirement that the official paper designated by the common council of Duluth shall be a daily newspaper is satisfied by the selection of a newspaper published six days consecutively each week, one of which was Sunday, there being no publication on Monday. In May, 1890, the city council accepted the bids of the respondent the Duluth News Company for the city printing, and ordered a contract therefor to be made with the publishers, in pursuance of the charter. It appears that the newspaper in question had been printed and published in the city of Duluth every day in each week except Monday, from the 1st day of January, 1889, to May 6, 1890, and that it was a paper of general circulation in the city, and that, subsequent to May 6, 1890, it was published every day in each week. The charter required that the official paper so designated should have been printed and published for six months in the city, and should be a daily newspaper of general circulation. In our opinion the action of the city council was authorized. The statute (Laws 1889, *c.* 47,) provides that for such purposes a newspaper which is published six days in each week shall be held to be a daily newspaper. A newspaper need only be published six consecutive days in each week to be a daily newspaper according to the commonly received acceptation of that term, whether Sunday or Monday be the day omitted; and the statute we have referred to must undoubtedly receive that construction, and was intended to include newspapers so published. The question whether the publication of legal notices and proceedings in the Sunday issue would be valid, is not involved in this discussion, and need not be considered. It would be just as likely to arise if the newspaper were published seven days instead of six each week. A newspaper printed six days instead of seven

then comes within the definition of a daily newspaper, whichever be the day omitted, but this implies no legislative sanction of a violation of the Sabbath or of Sunday labor not allowed by law.

Order affirmed.