MARTHA A. MATTHEWS *et al.* v. JOHN ARTHUR *et al.*

**No. 11,447.**   ( 59 Pac. 1067.)

1. JUDICIAL SALE.—*Notice.* A notice of the sale of real estate, setting the time of sale for Monday, May 17, and first published in a weekly newspaper on Friday, April 16, and continued through every successive issue of the paper preceding the sale day, is a a publication " for at least thirty days before the day of sale," as required by statute.

2. ———— *Computation of Time.* In the computation of time for the doing of acts, Sundays are to be included, if the period in question exceeds seven days. *Held*, therefore, that Sunday, May 16, the day before the one for the sale of real estate above mentioned, is to be reckoned in the thirty days' notice of sale.

Error from Wyandotte district court; H. L. ALDEN, judge.   Opinion filed February 10, 1900.   Affirmed.

*Lathrop, Morrow, Fox & Moore*, for plaintiffs in error.

*Henderson, Webster & Gilmer*, and *C. F. Hutchings*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This is a proceeding in error from an order of the court below overruling a motion to vacate an order confirming a sale of real estate and likewise to set aside the sale on which the order of confirmation was based.   The ground of the motion

to vacate and set aside was insufficiency of time of publication of the sale notice. The publication was made in a weekly paper. The first issue of the paper was Friday, April 16, the last issue Friday, May 14. The sale was advertised for Monday, May 17, and it occurred on that day.

Section 464, chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4720) reads: "Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time and place of sale to be given for least thirty days before the day of sale." The statutory rule for the computation of time reads as follows: "The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded." (Gen. Stat. 1897, ch. 95, § 562; Gen. Stat. 1899, § 5026.) It will be observed that, excluding the 16th day of April, the day of the first publication of the sale notice, there remained fourteen days in April, and excluding the 17th day of May, the day of the sale, the publication extended over a period of thirty days.

Counsel for plaintiff in error quite vigorously attack the former decisions of this court construing the statute first quoted and holding sale notices sufficient which set the time for the sale on the thirtieth day after and inclusive of the first publication. (*Northrop v. Cooper*, 23 Kan. 432.) Such construction, they say, is in contravention of the statute first quoted, which requires the first publication of sale notices to be "*at least* thirty days before the day of sale," and in contravention of the statute last quoted which requires the first day of "the time within which an act is to be done" to be excluded. The words, "at least thirty days," they argue, mean thirty full, clear days exclu-

sive of the day of the first publication of the notice,
and also exclusive of the sale day.   However, we are
not called upon to reconsider the correctness of the
rule of construction and time computation heretofore
applied in *Northrop v. Cooper*, supra, and other cases.
In this instance there were thirty full, clear days in-
tervening between and exclusive of the day of the first
publication of the sale notice and the day of sale.

But counsel for plaintiff in error, having, as they
believe, shown the rule of construction and time com-
putation hitherto applied in such cases to be incorrect,
next argue that the last one of the thirty full, clear
days intervening between the day of the first publica-
tion, and the day of the sale, to wit, Sunday, May 16,
should likewise be excluded, under the rule of the stat-
ute for the computation of time.   They say, as the
statute says, that if the last day for the performance
of an act falls on Sunday it shall be excluded, and
that, therefore, the last of the thirty days here in
question having fallen on Sunday, it should have been
excluded.   The claim thus made, however, is in the
very face of the statute quoted and relied on by them.
The day for the performance of the act, or, in the
language of the statute, the last day " of the time
within which the act was to be done," was not Sun-
day but was Monday.   The day that counsel would
exclude from the computation of time was not the day
for the performance of the act, but was the day pre-
ceding the one set for its performance.

Assuming that which is not controverted by coun-
sel, that the words " the time *within* which an act is
to be done " comprehend cases of the setting of defi-
nite specific days for the doing of an act, and not
merely periods before and beyond which it shall not
be done, the last day for the performance of the act,

to wit, the making of the sale, was Monday, not Sunday, and therefore the Sunday preceding the day of the act, or preceding the last day for the doing of it, must be excluded, if at all, upon the strength of some other than the statutory rule. There is no rule for its exclusion, and no case that we are aware of holding that it should be excluded. On the contrary, the rule is that " where an act is required to be done in any certain number of days after or before a fixed time, Sunday is to be included in computing the number of days, when it exceeds seven. If it be less than seven Sunday must be excluded." (26 A. & E. Encycl. of L., 1st ed., 10, and case cited.) We have no doubt that the word " days," when used in a statute which does not express a contrary definition, means consecutive days, and includes *dies non* as well as secular days. Whether days less than seven, but inclusive of Sunday, in the mere matter of number, are exclusive of it for the purpose of the time of the performance of the act, we have no concern. The time here in question exceeded seven days.

The judgment of the court below is affirmed.

SMITH, J.; not sitting, having been of counsel.