CASE 92—ACTION BY HERMAN PETZOLD AGAINST E. W. WILSON AND OTHERS TO ENFORCE A MORTGAGE ON LAND.—NOV. 24.

# Wilson, &c., v. Petzold.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

LULA BENTLEY PURCHASED LAND AT DECRETAL SALE, AND FROM AN ORDER CONFIRMING THE SALE, SHE AND DEFENDANTS APPEAL. AFFIRMED.

FORECLOSURE SALE—NOTICE—PUBLICATION IN DAILY PAPER.

Held: 1. Where a decree directs a sale of mortgaged property to satisfy the debt, and requires an advertisement of the sale in a certain paper for three consecutive days next preceding the day of sale, in compliance with Act March 24, 1902 (Acts 1902, p. 213, c. 92), an advertisement on Thursday, Friday and Saturday in a paper published daily except Sunday, where the sale was made on the following Monday, was sufficient.

M. A., D. A., AND J. G. SACHS AND DAVID SACHS LEVY, FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. Act of Legislature regulating public advertising found on page 213 of the Acts of 1902, and construction thereof. *Daily*, Webster's definition thereof and meaning as used in the act. *Next*, Webster's definition thereof and meaning as used in the act, section 460, Kentucky Statutes. Clark on Interpretation of Laws, pp. 36-7-8-9, etc.; Endlich on Interpretation of Stat-

utes, secs. 4, 5, 6, 7; Senate Journal for 1902, p. 545; House Journal for 1902, p. 1214.

2. Distinction where Sunday is, in a series of days for the doing of an act required to be done in court, and when the act does not so have to be done. Long v. Hughes, 1 Duvall, p. 387.

3. Sunday is, nevertheless, a day, although it may not be a judicial day and legal advertisements and notices may be published on that day. Medland v. Linton, 60 Neb., p. 251; City of Knoxville v. Knoxville Water Works, 64 S. W. Rep., p. 1076; Kingsburry v. Buckner, 70 Ill., 514; Taylor v. Palmer, 31 Cal., p. 240; Miles v. McDermott, 31 Cal., p. 271; Clapton v. Taylor, 49 Missouri App., p. 126; Savings, &c. v. Thompson, 32 Cal., 347; Gordon v. People, 154 Ill., 664; City of St. Joseph v. Landis, 54 Miss. App., 315; Ormsby v. City of Louisville, 79 Ky., 202, holds that the publication of notices on Sunday is good, when Sunday is one of a series of days on which the advertisement is made, but not good when Sunday is the only day on which the publication is made, or when Sunday is the first day of the series on which the advertisement is made; and that case, in effect, holds that each publication through a series of days is not a separate act, but the publication is one continuous act as of the day of the first publication.

4. The act of the commissioner in advertising and making a judicial sale is purely a ministerial act and in no way a judicial one.

5. Distinction between judicial and ministerial acts on nonjudicial days.

Ministerial acts can be performed on Sundays, holidays and all days that are *dies non juridicus*, where judicial acts could not be. McNally's Case, 9 Coke, p. 166; Commonwealth v. Marrow, 3 Brewster (Penn.), 419; Kiger v. Coates, 18 Ind., 153; Hadley v. Musselman, 104 Ind., 459; *In re* Worthington, 7 Bissell (U. S., Cir.), 455; Hanover Fire Ins. Co. v. Shrader, 30 Law Rep. Ann., 498; Matthews v. Ansley, 31 Ala., 20.

6. Advertisement or publication of notice on Sunday, where it is an intervening day in a series of days on which the advertisement is to be made, is good. Kingsburry v. Buckner. 70 Ill., 514; Taylor v. Palmer, 31 Cal., 240; Miles v. McDermott, 31 Cal., 271; Gordon v. People, 154 Ill., 664; City of St. Joseph v. Landis, 54 Missouri App., 315; Ormsby v. City of Louisville, 79 Ky., 202.

7. Publication of notice on Sunday, where Sunday is the last day of the series, is good. Clapton v. Taylor, 49 Missouri App., 126; Savings, &c. v. Thompson, 32 Cal., 347; See

Knoxville v. Knoxville Water Co., 64 S. W. Rep., 1076; Ormsby v. City of Louisville, 79 Ky., 202.

8. Sunday newspapers have become a necessity in modern times and should be excepted on that account, like railroads, from the operation of the so-called Sunday laws, and therefore notices published in Sunday newspapers should be held good. Commonwealth v. L. & N. R. R., 80 Ky., 295; Commonwealth v. Matthews, 152 Penn., 166.

LIEBER & LINCOLN, ATTORNEYS FOR APPELLEE.

### STATEMENT.

This action was instituted in the Jefferson circuit court in May, 1902 by the appellee, Herman Petzold, to enforce a mortgage on real estate in the city of Louisville, executed by the appellants, E. W. Wilson and wife.

Final judgment was entered October 25, 1902, directing a sale of the mortgaged property to satisfy the debt, and requiring notice of the sale to be given by printed hand-bills, and also by advertisement in the Louisville Evening Times *for three consecutive days next preceding the day of sale,* in compliance with the act of March 24, 1902. The advertisement was had in the Louisville Evening Times on Thursday, Friday and Saturday (November 6th, 7th and 8th), and the sale was made November 10, 1902, thus excluding Sunday. Lula Bentley became the purchaser at the sale, but refused to comply, assigning as grounds therefor:

1. That the sale was not advertised for three days next preceding the day of sale as required by law; and

2. and 3. That certain special tax liens existed against the property sold, the holders of which were not made parties defendant.

The court, upon due notice, summarily ascertained these special taxes under the statute (Kentucky Statutes, sec. 989), overruled the exceptions and confirmed the sale.

This involves, First, the constitutionality of the act of March 24, 1902, and if constitutional, then, Second, Is the advertisement made a compliance with the requirements of said act?

### POINTS AND AUTHORITIES.

1. The act of March 24, 1902, is unconstitutional because the subject matter of the act is not expressed in the title. (Constitution, sec. 51.)

2. But, assuming that the act of March 24, 1902, is consti-

tutional, it has no application to judicial sales in Jefferson county, as newspaper advertisement of such sales is provided for by the provisions of the special act governing "courts having continuous sessions" (Act Dec. 30, 1892, now sec. 1011, Kentucky Statutes), enacted under the express authority of the Constitution. (Constitution, sec. 59, subsec. 1.)

3. But, assuming that the act of March 24, 1902, is constitutional and applies to "courts having continuous sessions," we maintain that the advertisement in this case is in accordance with the requirements of the statute, because,

(1) *a.* All servile work is forbidden on Sunday. (Kentucky Statutes, sec. 1321); Smith v. Wilcox, 24 N. Y., 353; Murphy v. Simpson, 14 B. Mon., 337; Slade v. Arnold, 14 B. Mon., 232.

(2) *b.* Publication and distribution of newspapers on Sunday is servile work and within the prohibition of the statute. Commonwealth v. Matthews, 152 Penn. St., 166.

Therefore, publication on Sunday, being forbidden by express statute, can not be included in the *"three consecutive days next preceding,"* where the sale is required by law to be made on a Monday. Brannin v. City of Louisville, MSS. Opin., Apr. 12, 1881, (2 Ky. R., 384); Redd Bros v. Johnson, MSS. Opin., 1880; Ormsby v. City of Louisville, 79 Ky., 201; Shaw v. Williams, 87 Ind., 158; Scammon v. Chicago, 40 Ills., 146; Sewall v. St. Paul, 20 Minn., 511; Sawyer v. Cargile, 72 Ga., 290.

(2) *a.* A "daily newspaper," according to the accepted rule of the entire newspaper profession, is "a newspaper published *six secular days in each week,"* and this definition is recognized and enforced by the courts. Richardson v. Tobin, 45 Cal., 30; Railton v. Lander, 126 Ill., 219; Scammon v. Chicago, 40 Ills., 146.

*b.* The act of March 24, 1902, requires the advertisement to be published in a *"daily newspaper"* for *three consecutive days next,"* etc.

Therefore, the Sunday issue being no part of the "daily newspaper," in order to comply with the law requiring publication in a "daily," the advertisement must be had on *Thursday, Friday* and *Saturday,* where the sale is made on Monday. Scammon v. Chicago, 40 Ills., 150.

The question involved is of the most serious moment, as the act in question requires the annual expenditure of large sums of money for advertising, without apparent benefit either to the creditor or the debtor defendant.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This action was instituted in the Jefferson Circuit Court in May, 1902, by the appellee, Herman Petzold, to enforce a mortgage on real estate in the city of Louisville executed by the appellants E. W. Wilson and wife. Final judgment was entered October 25, 1902, directing a sale of the mortgaged property to satisfy the debt, and requiring notice of the sale to be given by printed handbills, and also by advertisements in the Louisville Evening Times for three consecutive days next preceding the day of sale, in compliance with the act of March 24, 1902 (Acts 1902, p. 213, c. 92). The advertisement was properly made by handbills, and was also advertised in the Louisville Evening Times on Thursday, Friday, and Saturday, November 6th, 7th, and 8th; and the sale was made November 10, 1902, thus excluding Sunday. One of the appellants, Lula Bently, became the purchaser at the sale, but refused to comply, assigning as grounds therefor, first, that the sale was not advertised for three days next preceding the day of sale, as required by law; second, that certain special tax liens existed against the property sold, the holders of which were not made parties defendant. The court, upon due notice, summarily ascertained these special taxes and liens under the statute (Ky. St., 1899, sec. 989), overruled the exceptions, and confirmed the sale.

The only question to be determined by the court upon this appeal is whether or not the publication of this advertisement of sale in the Louisville Evening Times on Thursday, Friday, and Saturday next preceding the day of sale, on Monday, was in compliance with the requirements of the statutes. It is contended by the appellants that it was not a compliance; that the advertisement should have been

in a Sunday issue, to have met the requirements, and the Louisville Evening Times, by reason of its not being published on Sunday, was and is not a daily paper. We are of the opinion that it was and is a daily paper, within the meaning of the statutes. It is agreed that it was issued every day of the week except Sunday. If this be true, it was a daily newspaper, within the meaning of the statutes, which employs the term "daily newspaper" in contradistinction to the term "weekly," "semiweekly," or "triweekly" newspaper. The term was and is to be used in its usual and proper sense, and, in this sense, it is clear that a paper which according to its usual custom is published every day of the week, except one, is a daily paper. Otherwise a paper which is published every day except Sunday would not be a daily newspaper. The term in its proper sense, does not admit of this construction. The Legislature, in the enactment of this statute, certainly did not mean that no paper was a daily paper except those published seven days in the week. See Richardson v. Tobin, 45 Cal., 30, and Ormsby v. City of Louisville, 79 Ky., 201, 2 R., 297.

In our opinion, the publication in the Times of this sale on the last three secular days next preceding the day of sale was a sufficient compliance with the act in question, and the sale was legal in all respects. Having arrived at this conclusion, we deem it unnecessary to consider the many other questions raised and discussed by the parties in their briefs. Wherefore the judgment of the lower court is affirmed.