[No. 7223.   Decided November 18, 1908.]

FAIRHAVEN PUBLISHING COMPANY, *Appellant*, v. THE CITY
OF BELLINGHAM *et al.*, *Respondents.*[1]

NEWSPAPERS—LEGAL PUBLICATIONS—DAILY PAPERS. A newspaper
printed every day except Sunday and Monday is a daily newspaper,
within the meaning of an ordinance requiring the publication of
official notices in a daily paper.

Appeal from a judgment of the superior court for What-
com county, Kellogg, J., entered December 11, 1907, dis-
missing an action to enjoin the letting of a contract for
municipal printing, upon sustaining a demurrer to the com-
plaint.   Affirmed.

*Rose & Craven*, for appellant, cited:   Webster, Interna-
tional Dictionary, p. 365; Black, Law Dictionary, p. 315;
Anderson, Dictionary of Law, p. 709; Century Dictionary
and Cyclopedia, p. 1443; The Living Age, November 2,
1907, p. 259; *Puget Sound Pub. Co. v. Times Printing Co.*,
33 Wash. 551, 74 Pac. 802; *Richardson v. Tobin*, 45 Cal. 30;
*Tribune Pub. Co. v. Duluth*, 45 Minn. 27, 47 N. W. 309.

*Thomas L. McFadden* and *Hardin & Hurlbut*, for re-
spondents, cited:   2 Abbott, Mun. Corp. p. 1329; *Lynn v.
Allen*, 145 Ind. 584, 44 N. E. 646, 57 Am. St. 223, 33 L.
R. A. 779; *Knoxville v. Knoxville Water Co.*, 107 Tenn. 647,
64 S. W. 1075, 61 L. R. A. 898; *Brown's Estate v. West
Seattle*, 43 Wash. 26, 85 Pac. 854; *North Yakima v. Scudder*,
41 Wash. 15, 82 Pac. 1022; *Richardson v. Tobin*, 45 Cal. 30;
*Puget Sound Pub. Co. v. Times Printing Co.*, 33 Wash. 551,
74 Pac. 802.

PER CURIAM.—The city charter of the city of Bellingham
provides that the city council shall annually let all the legal
advertising to the lowest and best responsible bidder, who

[1]Reported in 98 Pac. 97.

shall give bonds to the city in such sum as may be fixed and approved by the city council, conditioned that he will publish all such legal advertising in a paper named in the bid, which paper it may be conceded for the purpose of this case is required to be a daily paper printed and published in the city of Bellingham. Pursuant to this provision of the charter, the city advertised for bids for doing the legal advertising of the city for the year 1908. Two bids were received in response to the notice, the one from the appellant, who is proprietor and publisher of the Bellingham Herald, a newspaper printed and published in the city of Bellingham six days in each week; the other from the American Printing Company, which is publisher and proprietor of The Morning Reveille, a newspaper printed and published in the city of Bellingham five days in each week, that is, every day except Sunday and Monday. The city council found the bid of the latter company the lowest and best, and proceeded to let the contract for the printing to that company. The appellant thereupon brought this action to restrain the council from so doing. Judgment went against them in the lower court, and this appeal is prosecuted therefrom.

The only question we are required to notice is whether The Morning Reveille is a daily paper, within the meaning of that term as it is used in the city charter. We think it is. The term daily, as applied to the publication of newspapers, is relative. It has never been given the exclusive meaning of every day of the week, month or year, but papers published every day except Sunday, or every day except Monday, or every day except both Sunday and Monday, are regarded by the general public as daily papers. This court in *Puget Sound Publishing Co. v. Times Printing Co.*, 33 Wash. 551, 74 Pac. 802, held that a paper published every day except Sunday and legal holidays was a daily paper, and cited approvingly a case from California which held that a paper published every day except Monday was such a paper. A paper omitting both days may be less a daily publication than either

of these cited instances, but it is not so widely different from them as to require it to be put into a distinct class. It is a daily paper in the popular sense, and it was in this sense that the term was used in the city charter.

The judgment appealed from is affirmed.