CASE 33—PETITION BY W. D. LOWRY AND OTHERS
    AGAINST WILLIAM STOTTS 'AND OTHERS CON-
    TESTING THE ELECTION FOR COUNCILMEN OF
    THE CITY OF NICHOLASVILLE.—May 5, 1910.

## Lowry, &c. v. Stotts, &c.

Appeal from Jessamine Circuit Court.

J. M. BENTON, Circuit Judge.

From a judgment dismissing the petition plaintiffs
appeal.—Affirmed.

1   Time—Filing Petition—Exclusion of First Day.—Under Ky.
    St. section 1596a, subsec. 12, providing that a petition to con-
    test an election shall be brought within 10 days after final
    action of the board of canvassers, the day on which the final
    action of the board is taken must be counted in computing
    the time.

2.  Time—Exclusion of Sunday—Petition for Election Contest.—
    Under Ky. St. section 1596a, subsec. 12, providing that a peti-
    tion to contest an election shall be brought within 10 days
    after final action of the board of canvassers, when the last
    day falls on Sunday, a petition is not valid if filed on the fol-
    lowing Monday, since the rule is that in computation of time
    exceeding a week Sunday is included.

3   Time—Exclusion of Sunday—Effect of Statutes.—Such rule is
    not changed by Ky. St. section 454, providing that, if any
    proceeding is directed by law to take place or any act is di-
    rected to be done on a particular day of a month if that
    happens to be Sunday, the proceeding shall take place or the
    act shall be done on the next day, since there were 10 days
    within which to file the petition.

LEWIS L. WALKER for appellants.

L. N. BRONAUGH for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

At the November election, 1909, appellants and appellees were candidates for councilmen in the Third ward of the city of Nicholasville. On November 5th the board of election commissioners canvassed the returns and issued a certificate of election to the appellees. On the evening of November 14th the appellants filed with the deputy circuit clerk a petition to contest the election, and asked him then to issue process on it. The day being Sunday, he declined to do so. They applied to him on the following Monday again to issue the process, and he would not issue it. The clerk was away from home. He returned on the 27th, and marked the petition as filed of that date, and issued the process. When the case was called it was dismissed by the circuit court because brought too late. The plaintiffs appeal.

The only question we deem it necessary to determine is whether the petition was in time when it was delivered to the clerk on the 14th, or whether, if the process had been issued on the 15th, it would have been on time. The statute regulating these contests provides as follows as to the filing of the petition: "Such petition shall be filed and process issued in the case of an officer elective by the voters of the whole state or any district comprising more than one county, within thirty days after the final action of the board of canvassers, and in case of any other office, within ten days after such action; and shall state the grounds of the contest relied on, and no other grounds shall afterwards be relied on." Ky. St. sec. 1596a. subsec. 12. Under this statute, it was necessary that the petition should be filed and the process issued within 10 days after the final action of the board of canvassers. The final action of the board of canvassers was had on November 5th, and the ques-

tion we are to determine is when the 10 days after their final action expired. In Chiles v. Smith, 13 B. Mon. 460, the rule was thus stated: "The rule in regard to the computation of time seems to be that, when the computation is to be made from an act done, the day in which the act was done must be included, because, since there is no fraction in a day, the act relates to the first moment of the day in which it was done. But when the computation is to be from the day itself, and not from the act done, there the day in which the act was done must be excluded. Bellaris v. Hester, 1 Lord Raymond, and the authorities cited."

In the case at bar the time was to be computed from the final action of the county commissioners, and therefore, under the rule, November 5th must be counted. The 10 days would therefore expire on November 14th. Batman v. McGowan, 1 Metc. 533; Long v. Hughes, 1 Duv. 387; Newton v. Ogden, 126 Ky. 101, 102 S. W. 865, 31 Ky. Law Rep. 549, and cases cited. But November 14th being Sunday, it is insisted that the time did not expire then, and that the plaintiff had the following day also. The general rule is that if the time within which an act may be done exceeds a week, Sunday is included, but, if it is less than a week, Sunday is not included. We adopted this rule in Geneva Cooperage Company v. Brown, 124 Ky. 16, 98 S. W. 279, 30 Ky. Law Rep. 272, 124 Am. St. Rep. 388. We have also held that, where the last day for paying an assessment fell on Thanksgiving day, a tender of it on the next day was invalid. National Mutual Benefit Association v. Miller, 85 Ky. 88, 2 S. W. 900, 8 Ky. Law Rep. 900. The time for filing the petition in these cases being fixed by statute, to exclude Sunday where it falls on the

last day would be to extend the time allowed by the statute. This we can not do. Peacock v. Reg. 93 E. C. L. 264; Ex parte Simpkins, 105 E. C. L. 392; Johnson v. Meyers, 54 Fed. 417, 4 C. C. A. 399; Dale v. Lavigne, 31 Mich. 149; Ex parte Dodge, 7 Cow. (N. Y.) 147; Paine v. Mason, 7 Ohio St. 198; Burr v. Lewis, 6 Tex. 76; Haley v. Young, 134 Mass. 364; Matthews v. Arthur, 61 Kan. 455, 59 Pac. 1067; Williams v. Lane, 87 Wis. 152, 58 N. W. 77; Vailes v. Brown, 16 Colo. 462, 27 Pac. 945, 14 L. R. A. 120; Allen v. Elliott, 67 Ala. 432; Shefer v. Magone (C. C.) 47 Fed. 872; Herman v. U. S. (C. C.) 66 Fed. 721. We cannot see how upon principle a distinction can be drawn between a Sunday that falls at the end of the period, and one that falls within the period, but not at the end. Counsel rely on section 454 Ky. St. (Russells' St. sec. 54a), as changing the rule in this state: "If any proceeding is directed by law to take place, or any act is directed to be done, on a particular day of a month, if that day happen to be Sunday, the proceeding shall take place, or the act shall be done, on the next day." The language of this section would seem to indicate that it has reference to an act directed to be done on a particular day of a month. That is not this case. The act here was not required to be done on a particular day of the month. Ten days is fixed as the time within which the suit must be commenced, but, as Sunday is not a day on which a suit can be brought, the plaintiff was bound to file his suit on one of the 10 days on which a suit can lawfully be brought. He could no more file his suit on a Sunday that was the last day of the 10 than he could have filed it on the Sunday before. The statute requires the petition to be filed in 10 days. The Legislature, of course, knew that in every in-

stance one or more Sundays would intervene in this time, and still it limited the time for filing the petition to 10 days. The plaintiff is no more entitled to 11 days for filing his suit when Sunday is the last day than he would be if Sunday had been next to the last day. In either case two Sundays would have intervened, and on neither of these days could he have lawfully filed his suit. This same question was made in Geneva Cooperage Company v. Brown, and we there held that the fact that Sunday was the last day did not under section 454, Ky. St., extend the time for the filing of the suit. This conclusion makes it unnecessary for us to consider the other questions raised.

Judgment affirmed.