No. 20,134.

THE FIRST NATIONAL BANK OF PARSONS, *Appellee,* V. MATTIE E. KENNEDY et al., *Appellants;* E. B. STEVENS, Interpleader, *Appellee.*

#### SYLLABUS BY THE COURT.

1. SHERIFF'S SALE—*Sufficient Publication Notice.* A printer's affidavit stating that a sale notice was published in the regular and entire issue of each number of a daily newspaper for four weeks, the first publication being January 22, and the last February 23, 1915, the sale being on February 24, sufficiently shows publication for thirty days before the day of sale.

2. SAME—*"Daily Paper"—Number of Publications Each Week.* A newspaper published each day of the week except Sunday is a daily newspaper.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 6, 1916. Affirmed.

*Archie D. Neale,* of Chetopa, for the appellants.

*C. J. Taylor, E. L. Burton,* and *J. W. Iden,* all of Parsons, for the appellee.

The opinion of the court was delivered by

WEST, J.: This appeal from an order overruling a motion to set aside a sheriff's sale presents the one question whether or not the notice of sale was given the required publication.

The statute provides that the notice shall be given "for at least thirty days before the day of sale." (Civ. Code, § 453.) Section 4743 of the General Statutes of 1909, cited by counsel, applies only to notices required to be published a certain number of weeks, and hence need not be considered. The affidavit of the printer stated that the notice was published in the regular and entire issue of each number of a daily newspaper for four weeks, the first publication being January 22, and the last February 23, 1915, the sale being on February 24. Including the first and last dates, the publication must have run thirty-two days, inclusive of Sundays. (*Matthews v. Arthur,* 61 Kan. 455, 59 Pac. 1067.) The paper was not published on Sundays. The first publication was therefore more than thirty days before the day of sale, and according to the affidavit it was continued in each successive issue of the paper up to the day of sale; for while the affidavit states that the notice was published in the regular and entire issue of each number of the paper for four weeks, it also says that the first was on the 22d of January, and the last on the 23d day of February. While badly worded, it is susceptible of this construction, which the trial court seems to have given. The amended return of the sheriff states that the publication was on the 22d day of January, and then on continuously and uninterruptedly every day until the 23d of February. This indicates the meaning given the printer's affidavit by the sheriff. This construction was justifiable and proper. (*Lamme v. Schilling,* 25 Kan. 92; *Flood v. Kerwin,* 113 Wis. 673, 89 N. W. 845; *Southern Ind. R. Co. v. Indianapolis, etc., R. Co.,* 168 Ind. 360, 81 N. E. 65.)

A paper published every day in the week except Sunday is a daily paper. (*Fairhaven Publishing Co. v. Bellingham,* 51 Wash. 108, 98 Pac. 97; 2 Words and Phrases, p. 1811; 29 Cyc. 1121.)

The ruling of the trial court is affirmed.