*642
 
 ROGERS, Justice.
 

 The question presented on this appeal is whether the New Orleans Item, a newspaper published by relator, is a daily newspaper within the meaning of the law governing judicial advertisements in the Parish of Orleans. Section 15 of Act No. 49 of 1877; Act No. 104 of 1878, and Act No. 75 of 1938.
 

 As provided by the statutes, the Clerk of the Civil District Court for the Parish of Orleans is required to publish all judicial advertisements on matters pertaining to his office “in a daily newspaper published in the English language, and which shall so have been published as a daily paper for at least one year prior to the insertion of said [advertisement for] publication.”
 

 In the performance of the statutory duty imposed upon, him, John J. O’Neill, Clerk of the Civil District Court, refused to recognize the New Orleans Item as a daily newspaper, because, beginning Sunday, August 3, 1941, the relator discontinued the publication of the Sunday issue of the paper.
 

 The record discloses that the New Orleans Item is a newspaper published in the English language, with a daily circulation of more than 70,000 subscribers, and that it has been published and circulated in the City of New Orleans for many years.
 

 We are of the opinion that the New Orleans Item was and is a daily newspaper within the meaning of the statutes which employ the term “daily news-paper” in contradistinction to the term “weekly,” “semi-weekly,” or “tri-weekly” newspaper. The term was and is to .be used in its usual and popular sense, and, in this sense, it is plain that a newspaper which, according to its usual custom, is published every day of the week except one is a daily newspaper; otherwise, a newspaper which is published every day except Sunday would not be a daily newspaper. The term, in its popular sense, does not admit of this construction. The legislature, in the enactment of the statutes, obviously did not intend that only a newspaper published seven days in the week was to be considered as a daily newspaper.
 

 In State v. Commissioner of Public Finances, 161 La. 915, 109 So. 675, this Court held that the term “daily” as applied to the publication of newspapers is merely relative; that the term has never been given the exclusive meaning of every day of the week, month or year, but newspapers published every day except Sunday or Monday, or every day except both Sunday or Monday are generally regarded as daily newspapers. In support of its holding, this Court reviewed a number of authorities from other jurisdictions. These authorities are Fairhaven Publishing Co. v. City of Bellingham, 51 Wash. 108, 98 P. 97, 16 Ann.Cas. 420; Puget Sound Publishing Co. v. Times Printing Co., 33 Wash. 551, 74 P. 802; First National Bank of Parsons v. Kennedy, 98 Kan. 51, 157 P. 417; Wilson v. Petzold, 116 Ky. 873, 76 S.W. 1093; Richardson v. Tobin, 45 Cal. 30; and City of El Paso v. Ft. Dearborn National Bank,
 
 *644
 
 Tex.Civ.App., 71 S.W. 799. The Court also quoted the general rule appearing in Ruling Case Law, Vol. XX, p. 206, as follows:
 

 “A newspaper need not be published on each of the seven days of the week in order to be a daily newspaper. The term is to 'be understood in its usual popular sense; and in this sense it is clear that a paper which, according to its usual custom, is published every day of the week except one is a daily paper. Otherwise, a paper which is published every day except Sunday would not be a daily paper. So it has been held that a newspaper which is printed and published five days in each week is a daily newspaper within the meaning of a provision requiring all legal advertisements to be published in a daily newspaper. On the other hand, a Sunday edition of a daily paper is not a weekly paper.” [161 La. 915, 109 So. 676.]
 

 As holding to the same effect, the Court referred to 17 C.J., p. 696; Words and Phrases, First and Second Series, Verbo “Daily Newspaper”; Black’s Law Dictionary; and Volume I, Bouvier’s Law Dictionary, p. 747.
 

 The following additional authorities also support the proposition, viz.: Tribune Publishing Company v. City of Duluth, 45 Minn. 27, 47 N.W. 309; City of Bellingham v. Bellingham Publishing Co., 116 Wash. 65, 198 P. 369; City of Richmond v. Miller, 58 Ind.App. 20, 107 N.E. 550; Alley v. City of Muskogee, 53 Okl. 230, 156 P. 315; and Hansen v. City of Havre, Mont., 114 P.2d 1053, 135 A.L.R. 1278.
 

 In view of the foregoing authorities, the Judge of the lower court was clearly correct in making peremptory the alternative writ of mandamus which issued herein.
 

 John J. O’Neill, Clerk of the Civil District Court, died after the transcript of appeal had been lodged in this Court. A. N. Goldberg, who was appointed to succeed John J. O’Neill, was, on motion, substituted as a party to the litigation in his official capacity.
 

 For the reasons assigned, the judgment appealed from is amended by substituting the name of A. N. Goldberg for that of John J. O’Neill as Clerk of the Civil District Court for the Parish of Orleans, and as thus amended, the judgment is affirmed.