[No. 3,416.]

## RICHARDSON v. TOBIN.

DAILY NEWSPAPER.—A newspaper which is published six days in each week is a daily newspaper.

SUFFICIENT PUBLICATION.—Where a statute requires a notice to be published in a daily newspaper, but does not specify a particular language in which it must be published, a publication in a German newspaper, but in the English language, is sufficient.

LEGISLATIVE POWER AS TO COMPLAINT.—The power of the Legislature to prescribe the requirements of a complaint in actions relative to assessments for street work, admitted by counsel.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

This was an action to recover a street assessment.
The facts are stated in the opinion.

*Parker & Roche*, for Appellant.

The omission to publish the resolution in the *Chronicle* on Monday is fatal to the jurisdiction of the Board over the work. The *Abend Post*, being a paper published in the German language, could not be lawfully employed to publish the resolution of intention. (44 Penn. S. R., 277.)

*Burnett*, for Respondent.

It is competent for the Legislature to prescribe the form of a remedy, to say what the complaint should contain, and what should constitute a defense. (16 Cal. 332; 5 Abb. Prac. R. 384; 2 Conn. 132.) A newspaper which is published daily, except non-judicial days and Sundays, is a daily newspaper, within the meaning of the Act of April 1st, 1872, relative to street work. The selection of the newspaper in which the resolution of intention must be published is left by that Act to the discretion of the Board of Supervisors, and the Board having selected the *Abend Post* the statute was complied with. (31 Cal. 245.)

By the COURT:

The plaintiff sues for the recovery of an assessment for street work, performed under proceedings commenced under the Act of April 1st, 1872 (Stats. 1871–2, p. 804), the fourth section of which provides that the resolution expressing the intention of the Board of Supervisors to cause the work to be done shall be published "for the period of ten days in the paper doing the printing under this law, and also in two daily newspapers, one of which newspapers shall be published as a morning edition, and one as an evening edition, printed and published in said city and county, for ten days, Sundays and non-judicial days excepted." The same section further provides that "at the expiration of any notice of intention the Board of Supervisors shall be deemed to have acquired jurisdiction" to order the work to be done. By section thirteen it is provided that in bringing an action to recover an assessment the complaint need not show any of the proceedings prior to the issuing of the assessment, diagram, and certificate; but it shall be deemed sufficient if it shows the title of the Court, the date of the issuing of

the assessment, and of the recording thereof, the book and page where recorded, a general statement of the work done, a description of the property sought to be charged, the amount assessed thereon, that the same remains unpaid, and with a proper prayer for relief. The complaint in this case pursues the form here indicated, and contains all the averments which the statute requires, but does not set forth any of the proceedings prior to the issuing of the assessment, diagram, and certificate. One of the defenses especially authorized by the statute is a " want of jurisdiction to order the work."

It is quite clear that, in order to acquire jurisdiction to order and proceed with the work, it is essential that the resolution that the Board of Supervisors intend to cause the work to be done shall be published as required by the statute. The only defense set up in the answer is " that the publication of the notice of intention was made in the following daily newspapers only, to wit: The *Daily Examiner*, the San Francisco *Chronicle* and the *Abend Post;* that the publication in the *Chronicle* commenced on a Tuesday and was continued through the week and the subsequent week, with the exception that the same was not published on the intervening Monday; that the *Abend Post* is a German paper printed in the German language; that the resolution was printed for ten successive days, Sundays and non-judicial days excepted, therein, in the English language, and not in the German language." A demurrer was sustained to the answer, and the defendant declining to amend, a final judgment was entered for the plaintiff, from which the defendant appeals.

The defendant contends that the publication in the *Chronicle* was insufficient, because of the omission to publish the resolution on the Monday which intervened between the first and last publication. But the answer admits the *Chronicle* was a *daily* newspaper, and that the publication

was made for ten days exclusive of the intervening Sunday and Monday. From the allegations of the answer it is to be inferred that, according to its usual course of business, the *Chronicle* was issued every day of the week except Monday. If this be so it was a " daily " newspaper in the sense of the statute, which employs the term " daily newspaper " in contradistinction to the term " weekly," " semi-weekly," or " tri-weekly " newspapers. The term was used and is to be understood in its usual popular sense; and in this sense it is clear that a paper which, according to its usual custom, is published every day of the week except one, is a daily paper. Otherwise, a paper which is published every day except Sunday would not be a daily paper. The term, in its popular sense, does not admit of this construction. We are, therefore, of opinion that the publication in the *Chronicle* was sufficient.

The only objection urged against the publication in the *Abend Post* is that the paper was printed and published in the German language, whilst the resolution was printed therein in the English language. The statute does not specify in what language the paper must be printed. Its only requirement is that it shall be a " daily newspaper;" and in view of the fact that our population is composed largely of persons of different nationalities, it may be that the Legislature intended to confer upon the Board of Supervisors the right to exercise its sound discretion in respect to the propriety of publishing the notice in a paper largely read by a considerable portion of our foreign population. But however this may be, we have no power to engraft upon the statute a new provision requiring the publication to be made in a newspaper printed in a particular language. The publication was, therefore, sufficient.

The counsel for the defendant also raises the point that it was not within the constitutional power of the Legislature

to prescribe the requirements of a complaint in this class of actions. But we apprehend the counsel does not seriously urge this point, after the admission in his reply brief that "after the most thorough investigation of all the works on constitutional law and of the latest digests, there can be found no law limiting the powers of the Legislature to regulate the pleadings" in cases like the present.

Judgment affirmed.