HYMAN, Respondent, vs. SUSEMIHL and others, 'Appellants.

*November 30—December 15, 1908.*

*Newspapers: Statutory publication of official proceedings: Requirements as to language: Counties: Authority of county board: Appeal and error: Pleading: Demurrer: Answering over.*

1. Where a statute either directs or permits a publication at public expense in the absence of language evincing a contrary intention such publication must be made in the legal language of the country.
2. The English language is the language of this country, to be used in all legal and official notifications and proceedings, in the absence of any statute authority to the contrary.
3. Sec. 674a, Stats. (Supp. 1906), requires every county board, by ordinance or resolution, to provide for one publication of a certified copy of all of its proceedings had at any meeting in a newspaper published and having a general circulation in its county, and sec. 675 authorizes publishing public notices relating to tax sales, redemption, and "other affairs of the county" in a newspaper printed in any other than the English language, under certain enumerated restrictions. *Held:*

   (1) If a county board desires to make publication in a foreign language it must look to the statutes for authority to do

so, and in the absence of such authority the right to make a contract for such publication does not exist.

(2) Sec. 675, providing what publications a county board may make in a foreign language and prescribing the conditions that must exist before such publications can be made, excludes publications in a foreign language other than those mentioned, including its proceedings.

4. An order overruling a demurrer to a complaint providing that "plaintiff have judgment therein, but with leave to the defendants to withdraw their demurrer and put in an answer within twenty days," gives leave to the defendants to withdraw their demurrer if they choose and also gives leave to answer over, which latter right is not dependent upon the demurrer being withdrawn, and is not erroneous in requiring the withdrawal of the demurrer as a condition precedent to interposing an answer.

APPEAL from an order of the superior court of Lincoln county: ALMON A. HELMS, Judge. *Affirmed.*

This is an appeal from an order overruling two general demurrers interposed by different defendants to the complaint in the action. The plaintiff, as a taxpayer of Lincoln county, brings the action in his own behalf and in behalf of all other taxpayers of the county to enjoin the county board from directing the payment of any claim presented by the defendant *Otto Susemihl* for publishing the proceedings of said board in the German language, and also to enjoin the chairman of the board of supervisors and the county clerk from issuing or delivering to the defendant *Susemihl* any county order on account of such publication. The material part of the complaint sets forth that the defendant *Otto Susemihl* was and is the publisher of a newspaper printed in the German language; that at a meeting of the county board of said county held in November, 1906, at the solicitation of the said defendant *Susemihl,* the county board, by a majority vote, in behalf of the county, voted to enter into an agreement with said defendant *Susemihl,* by the terms of which he agreed to publish in the German language in said newspaper the proceedings of said board at the rate of twenty-

five cents per folio; that no ordinance or resolution was adopted by the county board providing for such publication, and that no order was made by said board directing such publication, and no determination was made by said board before entering into the agreement referred to, to the effect that it was necessary for the better information of the inhabitants of the county that such proceedings should be published in some language other than the English language; that it does not appear from the last previous census that one quarter or more of the adult population of said county are of the German nationality not speaking the English language; that the defendant *Susemihl* is preparing to publish in the German language in the newspaper referred to the proceedings of the county board, pursuant to the action of the county board in making the aforesaid contract; that unless restrained the county board will audit and allow the claim for such publication and a county order will be issued pursuant to such allowance and will be paid by the county treasurer of the county, and it is further alleged that the claim for publishing said proceedings will amount to a considerable sum.

For the appellants there was a brief by *F. J. Smith* and *R. E. Smith,* and oral argument by *F. J. Smith.*

*John Van Hecke,* for the respondent.

BARNES, J.    Ch. 298, Laws of 1901 (sec. 674a, Stats.: Supp. 1906), provides that:

"The county board of supervisors in every county in the state of Wisconsin, shall, by ordinance or resolution, provide for one publication of a certified copy of all its proceedings had at any meeting, . . . in one or more newspapers published and having a general circulation therein. . . ."

Sec. 675, Stats. (1898), provides, among other things, that:

"The county board may order public notices relating to tax sales, redemption and other affairs of the county to be published in a newspaper printed in any other than the Eng-

lish language, to be designated in such order, whenever they
shall deem it necessary for the better information of the in-
habitants thereof, and it shall appear from the last previous
census that one fourth or more of the adult population of
such county are of a nationality not speaking the English
language, and that there .shall have been a newspaper pub-
lished therein continuously for one year or more in the lan-
guage spoken by such nationality; provided, that all such no-
tices shall also be published in a newspaper published in the
English language as provided by law. . . ."

It is alleged in the complaint and admitted by the de-
murrer that it does not appear from the last census of Lin-
coln county that one quarter or more of .the adult population
of such county are of a nationality not speaking the English
language, and it is conceded ·by the appellants that the con-
tract for the publication of the board proceedings cannot be
sustained under the provisions of sec. 675, the material part
of which is quoted above.   It is contended by appellants that
sec. 674a is wholly independent of sec. 675, and contains the
requisite authority for the board to make the contract in
question.   It is asserted by the respondent ·that the words,.
"and other affairs of the county," contained in sec. 675, are
broad enough to and do include county board proceedings,
and that because of such provision such proceedings can only
be published in a foreign language when the prerequisite
conditions prescribed by sec. 675 in fact exist.   If this were
the only objection to the contract in question we would
hardly consider it tenable.   If this contract could be made
under sec. 674a were it not for .the occurrence of the words
above quoted in sec. 675, we would hesitate to say that it is
not valid.

While there seems to be a dearth of authority upon the sub-
ject, the decided cases, as far as we have been able to dis-
cover, .are in harmony and are to the effect that where a
statute either directs or permits a publication at public ex-
pense, in the absence of language evincing a contrary inten-
tion, such publication must be made in the legal language of
the country.   To this effect are the cases of *Road in Upper*

*Hanover,* 44 Pa. St. 277; *Graham v. King,* 50 Mo. 22; *Richardson v. Tobin,* 45 Cal. 30; *Tyler v. Bowen,* 1 Pittsb. Rep. (Pa.) 225; *Kratz's Appeal,* 2 Pittsb. Rep. (Pa.) 452; *Chicago v. McCoy,* 136 Ill. 344, 26 N. E. 363. The value of the latter case as authority is minimized by the fact that the constitution of the state of Illinois provides that all laws of that state and all official writings and executive, legislative, and judicial proceedings shall be published in the English language and no other. This constitutional provision was held to apply to the publication under consideration by the court, but it is apparent from the language in the opinion that the same result would follow if there were no such constitutional provision.

This court has decided that, where a statute directs certain acts and proceedings of city councils to be published in a newspaper, the requirement of the statute is fulfilled by making the publication in a newspaper printed in a foreign language, provided such official act or proceeding is printed in such paper in the English language. *Kellogg v. Oshkosh,* 14 Wis. 623. It has also been held that the publication of a summons, under a statute authorizing its publication in a newspaper most likely to give notice to the defendant, might be made in a paper printed in a foreign language, provided the publication of the summons was made in the English language. *Wakeley v. Nicholas,* 16 Wis. 588.

The utmost that has been decided in the cases referred to is that where a statute either authorizes or directs a publication to be made in a newspaper, and is silent as to the language in which such paper must be printed, publication may be made in a newspaper habitually printed in a foreign language, provided the publication authorized or directed is made in the English language. Instead of these decisions sustaining the view of the appellants, the inference therefrom is strong that publication in a foreign language would not meet such a statutory requirement as the one under con-

sideration.   There is no warrant, aside from that contained
in sec. 675, which we have been able to discover, either in
the statutes or in the decisions, for applying any different
rule in the case of a discretionary publication than that
which appellants concede is applicable to the mandatory
one.

The only other case in this court bearing upon the subject
under consideration is *State ex rel. Goebel v. Chamberlain,*
99 Wis. 503, 75 N. W. 62.   In that case the court said:

"The English language is the language of the country, to
be used in all legal and official notifications or proceedings,
in the absence of any statute authority to the contrary."

Unless this declaration is held to be an incorrect statement
of the law, and is overruled, it is manifest that the demur-
rers in this case were properly overruled.   It is not claimed
that sec. 674*a* gives any express authority to publish the
board proceedings in a foreign language, and neither is it
claimed that any other statute of the state confers such au-
thority, excepting sec. 675, and it is admitted that the con-
tract does not come within the provisions of that statute.   If
a county board desires to make a publication in a foreign
language, it must look to the statutes for authority so to do,
and, in the absence of such authority, the right to make a
contract for such publication does not exist.   Furthermore,
sec. 675, providing what publications a county board may
make in a foreign language, and prescribing the conditions
that must exist before such publications can be made, shows
a legislative intent to exclude publications in a foreign lan-
guage other than those provided for.

The order appealed from overrules the demurrers inter-
posed in the action, and provides that "plaintiff have judg-
ment therein, but with leave to the defendants to withdraw
their demurrers and put in an answer within twenty days."
It is said that the order is erroneous in that it requires a
withdrawal of the demurrers as a condition precedent to in-

terposing an answer. We do not so construe the order. It does not require the withdrawal of the demurrers under penalty of a forfeiture of the right to answer. Leave is given the defendants to withdraw their demurrers if they choose, but leave is also given to answer over, which is not dependent upon the demurrers being withdrawn.

*By the Court.*—The order appealed from is affirmed.