LOTHARIUS, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY
& LIGHT COMPANY, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*April 9—May 1, 1914.*

*Street railways: Negligence: Injury to person on track: Contributory
negligence: Demurrer: Order for judgment.*

1. In an action for personal injuries alleged to have been caused by
   defendant's negligence, where the complaint shows that plaint-
   iff's automobile stopped on the east track of the defendant's
   street railway; that in attempting to adjust the mechanism so
   as to start it plaintiff stood on the west side of the automobile
   so near the west track that a car thereon could not pass with-
   out striking him; that there was nothing to prevent him from
   seeing an approaching car or from stepping aside to avoid it;
   and that as he stood facing south, a car on the west track com-
   ing from the north struck and injured him,—it is *held* that a
   demurrer to the complaint was properly sustained on the ground
   that plaintiff was guilty of contributory negligence.
2. Where, upon overruling a demurrer to the complaint, it was or-
   dered that plaintiff "have judgment thereon, but with leave to
   the defendant to answer," this did not mean that upon defend-
   ant's failure to answer plaintiff could have judgment otherwise
   than according to law, *i. e.* after making due proof of the al-
   leged cause of action.

APPEALS from an order of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This is an action to recover damages for a personal injury
brought in the circuit court for Milwaukee county.

The plaintiff in his complaint alleges the following: That
he was a resident of the city of Milwaukee at the time of the
accident, to wit, July 1, 1912; that he was employed as a
chauffeur and was driving his automobile along Third street
in the city of Milwaukee, upon which street the defendant, a
corporation organized under the laws of this state, is operat-
ing its street cars under a franchise from the city of Milwau-
kee.    At the point where the accident occurred on Third

street there are double street-car tracks. Between 6 and 7 o'clock in the evening the plaintiff was driving his automobile, occupied by three passengers and himself, in a northerly direction on the east side of the street near the intersection of Third and Galena streets. The east wheels of the automobile were to the east of the west rail of the east railway track upon which the street cars ran north, and the west wheels of the automobile were on the west side of such rail, and allowed sufficient room for street cars going south on the west track to pass it. The motive power of the automobile gave out and it stopped, and the plaintiff immediately got out to ascertain what caused it to stop and to adjust the parts of the driving apparatus, to avoid delay of traffic on the street-car tracks. He looked to the south and saw a car approaching, at a distance, from that direction, and then looked to the north and saw no car approaching from that direction. It is alleged that he could see several blocks to the north. It is also alleged that he then stepped to the west side of the automobile close to the west track; that he stood facing southeasterly with his back to the north, and at once proceeded to adjust the mechanism of the engine, and while in this position a street car going in a southerly direction at a high rate of speed struck him, threw him a great distance, and permanently injured him. He charges that the street railway company was negligent in running its cars at a high and dangerous rate of speed, and in not keeping a vigilant lookout so as to discover travelers on the tracks, and in not giving any warning of the approach of the street car. It is alleged that he was plainly visible to any one approaching from the direction that the street car came, and that the employees in charge of the car, in the exercise of ordinary care, ought to have seen him and have given him warning of the approach of the street car, and if necessary to have stopped it and have avoided colliding with him.

The plaintiff for a second cause of action alleges and

charges that the defendant's servants in charge of the street car were guilty of gross negligence constituting wilful misconduct and thereby produced the injuries of which he complains. An allegation in the complaint in this count charges:

"That while said automobile was on defendant's track, as aforesaid, and while the said *William Lotharius* was in the exercise of due care hurriedly examining and adjusting parts of the machinery to remove, if he could, the cause that made such automobile suddenly and unexpectedly stop, as aforesaid, and while he, the said plaintiff, was standing close to said automobile on the west side thereof, near the east rail of the defendant's west track facing in a southeasterly direction, and while he, with his left hand, was adjusting or trying to adjust parts of the machine to remove the cause of such sudden stop, and while the plaintiff was in plain view for a distance of several blocks north of the point where he was standing, and so near the west track of said defendant company that a street car thereon could not pass him without striking or colliding with him, one of the defendant's street railway cars in charge and in the care and management of the motorman and conductor of the defendant company, on said car, recklessly, wantonly and with gross and utter disregard of human life, ran at a grossly negligent, dangerous and excessive rate of speed on said west track coming from the north, and without any notice or warning of its approach to plaintiff, did with great force strike and collide with said plaintiff near the east rail of said west track, throwing him a great distance in a southerly direction, seriously and permanently injuring him as herein more fully stated; that the said servants of said defendant company before they reached the place where said disabled automobile was standing, and where said plaintiff on the west side of said automobile was standing trying to repair the same and within a sufficient distance where they could have stopped said car or slowed the same down to avoid injury, discovered the fact that said plaintiff was on the west side of said automobile so near the east rail of the west track that such street car could not possibly pass him without seriously injuring or killing him, and said servants saw, or ought to have seen, that he, the said plaintiff, was in great and imminent peril of being injured or killed,

and that such servants had ample time to stop said car before reaching the plaintiff after so discovering him, and had ample time to slow down said car and give warning to the plaintiff so he might avoid the great and imminent danger he was in, but that they, the said servants, and each of them, made no attempt to stop said car or to slow the same down to avoid injury, but wantonly, recklessly and with a gross and utter disregard of the plaintiff's peril and danger, continued said high rate of speed without giving any warning whatever, causing the injury to the plaintiff as herein set forth."

The defendant demurred to both causes of action set forth in the complaint. The court sustained the demurrer to the first count charging that the defendant was guilty of ordinary negligence which proximately caused the plaintiff's injuries, upon the ground that the plaintiff was barred from recovery on this alleged cause of action because it appeared from the facts stated that the plaintiff was guilty of negligence which proximately contributed to produce his injuries. The court held that the second count stated a good cause of action for gross negligence amounting to wilful misconduct, and over-ruled the demurrer interposed thereto.

Both parties appealed from the order of the court.

The cause was submitted for the plaintiff on the brief of *Albert M. Kelly,* attorney, and *Schmitz, Wild & Gross,* of counsel, and for the defendant on that of *Van Dyke, Rose-crantz, Shaw & Van Dyke.*

SIEBECKER, J. Upon the plaintiff's appeal the question is, Do the facts alleged in the complaint show that the plaint-iff cannot recover on the first count, charging the defendant's servants with being guilty of ordinary negligence in run-ning the street car which collided with the plaintiff and caused him personal injury? The complaint states the facts of the alleged collision of the street car and the position and conduct of the plaintiff at the time of the accident with suffi-cient particularity to show the situation and his conduct in

the transaction that led to the happening of the accident upon which liability is asserted. From these allegations it appears that the plaintiff's automobile stopped when it was over the east street-car track and in such close proximity to the west track that if he stood on the west side of his automobile an approaching street car must collide with him. It also appears that this was obvious and known to him and that he had an unobstructed view of the surrounding conditions. It is alleged that the said "tracks of the street railway, at the point where the said automobile stopped, were straight for a long distance both north and south of said automobile," and "that he could at any moment have observed approaching cars from either direction." It is undisputed that the plaintiff was fully aware that the street cars were then running on these tracks, and that a glance to the north or south, while standing in this dangerous position, would have informed him of the approach of any street car and enabled him to step out of the course of the car and thus have avoided the danger. The facts alleged clearly show that the plaintiff stepped into this dangerous place, knowing that a street car could not pass without colliding with him; that if he had momentarily glanced to the north and south he could have observed approaching cars; and that under the circumstances there was nothing to prevent him from stepping aside into a place of safety and avoiding a passing car. From such conduct on his part but one reasonable inference can follow, namely, that he omitted to exercise the care that ordinarily prudent persons, under similar circumstances, would exercise for their safety; and there can be no question but that the plaintiff's conduct in this regard proximately contributed to cause the injuries of which he complains in this action. We are convinced that the trial court properly sustained the demurrer to the alleged cause of action in the first count of the complaint.

The only point made by the defendant on its appeal from the order is that the court, in its order overruling the defend-

ant's demurrer to the second cause of action, erroneously ordered "that the said plaintiff have judgment thereon, but with leave to the defendant to answer." It is asserted that if the defendant does not answer in the case this order permits the plaintiff to have judgment in his favor on his complaint without proving his case by satisfactory evidence. We do not consider that this interpretation of the order is correct. The meaning of the phraseology of the order must be ascertained in the light of the case as it stands upon the pleadings after the demurrer drops out. If the defendant fails to answer, then the plaintiff is of course entitled to judgment on his second cause of action alleged in the complaint according to law, which in this case means after making due proof of the alleged cause of action. *Hyman v. Susemihl,* 137 Wis. 296, 118 N. W. 837.

*By the Court.*—The order is affirmed on both appeals.