[Civ. No. 35810. Second Dist., Div. One. Aug. 31, 1970.]

In re Establishment of LA OPINION as a
Newspaper in General Circulation.
LOZANO ENTERPRISES, Petitioner and Respondent, v.
LOS ANGELES NEWSPAPER SERVICE BUREAU,
Contestant and Appellant.

### COUNSEL

Robert F. Tyler for Contestant and Appellant.

Sheppard, Mullin, Richter & Hampton and Frank Simpson III for Petitioner and Respondent.

### OPINION

**THOMPSON, J.**—Appellant, contestant in a special proceeding by respondent to determine the standing of "La Opinion" as a newspaper of general circulation, appeals from a judgment in favor of the petitioner. We affirm the judgment.

#### Facts

"La Opinion" is a daily newspaper which has been printed and published in Los Angeles by respondent since 1926. It carries news of a general

character, utilizing the telegraphic news service of United Press International and its own full-time reporting staff. The paid circulation of "La Opinion" is in excess of 15,000 including 2,900 regular subscribers. The editorial copy of "La Opinion" is entirely in Spanish. It carries some advertising in English.

Respondent petitioned the trial court that "La Opinion" be adjudicated a newspaper of general circulation qualified to carry legal advertising and notices. Appellant filed a contest to the petition pursuant to Government Code section 6022. The trial court found that "La Opinion" is a newspaper of general circulation and rendered its judgment adjudicating the status of the newspaper accordingly. This appeal by the contestant followed.

### Issues on Appeal

Appellant contends that the publication of "La Opinion" in Spanish precludes it from being a newspaper of general circulation as that term is used in the governing California statutes. It argues that a newspaper printed in other than English does not meet the statutory definition of one of general circulation; that a newspaper printed in Spanish is "devoted to a particular class or race," and is thereby disqualified by Government Code section 6001 from obtaining the desired status; and that legal advertising and notices published in a Spanish language newspaper will not satisfy the requirements of due process customarily served by published advertisements and notices.

### Government Code Section 6000

The statutory definition of "a newspaper of general circulation" is contained in Government Code section 6000. That statute provides: "A 'newspaper of general circulation' is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established, printed and published at regular intervals in the State, county, or city where publication, notice by publication, or official advertising is to be given or made for at least one year preceding the date of the publication, notice or advertisement."

"La Opinion" meets the literal definition of Government Code section 6000. It has a bona fide subscription list of paying subscribers. It has been established, printed, and published for the requisite period. And it is published for the dissemination of local and telegraphic news and intelligence of a general character. (See *Castro* v. *State of California,* 2 Cal.3d 223, 238, fn. 26, 239 [85 Cal.Rptr. 20, 466 P.2d 244].) While it is true that "La Opinion" is published in Spanish, it is equally true that

Government Code section 6000 imposes no requirement that a newspaper of general circulation be published in English.

Appellant argues that section 6000 is not to be read literally. It reasons that the purpose of the statute is the qualification of newspapers to which the general public will resort in order to be informed of the news and intelligence of the day and thereby to render it probable that notices and official advertising published in the newspaper will be brought to the attention of the general public. Appellant contends that a newspaper printed in Spanish does not serve that purpose.

Appellant's argument finds support in two California decisions and rejection in another.[1] In 1872, our Supreme Court published its decision in *Richardson* v. *Tobin*, 45 Cal. 30. It held that a statutory requirement that a resolution of the board of supervisors, expressing an intention to cause street work to be performed, be published in a "daily newspaper" was satisfied by an English language notice published in a newspaper printed in German. The court said (45 Cal. 30, 33): "The statute does not specify in what language the paper must be printed. Its only requirement is that it shall be a 'daily newspaper'; and in view of the fact that our population is composed largely of persons of different nationalities, it may be that the Legislature intended to confer upon the Board of Supervisors the right to exercise its sound discretion in respect to the propriety of publishing the notice in a paper largely read by a considerable portion of our foreign population. But however this may be, we have no power to engraft upon the statute a new provision requiring the publication to be made in a newspaper printed in a particular language."

In 1905 the Legislature enacted Political Code section 4460, the progenitor of Government Code section 6000 with which we are here concerned. The wording of the pertinent portion of section 4460 is essentially the same as section 6000. In 1934 the Court of Appeal in two companion cases (*In re L'Italo-Americano*, 2 Cal.App.2d 690 [38 P.2d 810], and *In re Grossman*, 2 Cal.App.2d 748 [38 P.2d 813]), held that a foreign language newspaper could not be a newspaper of general circulation within the meaning of section 4460. The court reasoned that the Legislature in enacting Political Code section 4460 must have intended the result reached by the court (2 Cal.App.2d 690, 693). It based that conclusion upon section 24, article IV of the California Constitution which then provided, ". . . all laws of the State of California, and all official writings, and the executive, legislative, and judicial proceedings shall be conducted, preserved, and published in no other than the English language." The court

---

[1] Cases from other jurisdictions are not in accord. They are also not persuasive since California law contains a statutory definition of "newspaper of general circulation."

also relied upon then section 3.40 of the School Code providing that, ". . . all schools must be taught in the English language."

Section 24, article IV of the California Constitution has now been repealed. Section 3.40 of the School Code has been replaced by Education Code section 71 which permits bilingual instruction.

In 1943, our Legislature replaced former Political Code section 4460 with Government Code sections 6000 and 6001. That same year it enacted the predecessor statutes to Government Code sections 6075 through 6078 dealing with the subject "Foreign Language Newspapers." Nothing in sections 6075 through 6078 restricts the right of a foreign language newspaper to qualify as a newspaper of general circulation as defined in sections 6000 and 6001.

Resolution of the case at bench requires that we determine whether Government Code section 6000 should be given the same construction as that given by the Court of Appeal to Political Code section 4460 in *L'Italo-Americano* and *Grossman*. We conclude that such a construction is not warranted. We note at the outset that the Court of Appeal decision in the two companion cases is contrary in rationale to the decision of the Supreme Court in *Richardson* v. *Tobin, supra,* 45 Cal. 30. *Richardson* approaches the problem from the standpoint of a strict construction of the statute and bases its decision upon the proposition that if the Legislature had intended to exclude foreign language newspapers from the statutory definition, it would have said so. *L'Italo-Americano* and *Grossman* approach the matter by adding an element to the statutory definition, i.e., that a newspaper must be published in English, because in the opinion of the court the Legislature must have intended that such an element be included despite its omission. ■ The approach of strict construction being that of our Supreme Court is binding upon us. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) It is also the preferable approach.

■ What basis there was for the decisions in *L'Italo-Americano* and *Grossman* has vanished since those cases were decided. The court constructed legislative intent from the existence of a California constitutional section now repealed and a School Code section now revised to read contrary to its wording at the time of those cases. Finally, it cannot be said that the omission of an English language requirement from the definition of a newspaper of general circulation in Government Code section 6000 was inadvertent. The same year that the section was enacted, the Legislature enacted sections now appearing in the same chapter of the Government

Code specifically dealing wth foreign language newspapers and not precluding those newspapers from classification as newspapers of general circulation.

We conclude that Government Code section 6000, as written and without additional judicially engrafted requirements, defines the qualifications of a newspaper of general circulation. A newspaper printed in a foreign language does not, for that reason alone, fail to meet the language of the statute so read.　　We are aware that most California statutes requiring publication of legal notices and legal advertising provide that the notice or advertisement shall be printed in English.[2] Those statutory requirements go to the content of the notice or advertisement, however, and do not purport to restrict the nature of the newspaper in which the notice or ad appears.

### *Government Code Section 6001*

　Government Code section 6001 states: "A newspaper devoted to the interests, or published for the entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or for any number thereof, when the avowed purpose is to entertain or instruct such classes, is not a newspaper of general circulation." Appellant contends that "La Opinion" is devoted to a particular class or race because it is published in Spanish and that therefore section 6001 precludes it from being adjudicated a newspaper of general circulation.

Appellant's contention must be rejected. The trial court properly inferred from copies of "La Opinion" introduced as representative of the content of the newspaper that its avowed purpose is not to entertain or instruct a particular class. Our Supreme Court has considered a similar problem in *In re Labor Journal,* 190 Cal. 500 [213 P. 498]. In holding that the Labor Journal was properly adjudicated a newspaper of general circulation, the court said (190 Cal. at pp. 503-504): "But the fact that a newspaper is devoted to the interest of a particular class of persons, as, for instance, those engaged in the same business or calling, and specializes on news and intelligence primarily of interest to that class, will not exclude it from classification as a newspaper of general circulation if, in addition to such special news, it also publishes news of a general character." The focus is thus upon the content of the newspaper and not the persons to whom it

---

[2] (See for example: Bus. & Prof. Code, § 11; Elec. Code, § 8; Fin. Code, § 8; Gov. Code, § 8; Health & Saf. Code, § 8; Ins. Code, § 8; Lab. Code, § 8; Mil. & Vet. Code, § 8; Pub. Resources Code, § 8; Pub. Util. Code, § 8; Rev. & Tax. Code, § 8; Sts. & Hy. Code, § 8; Veh. Code, § 9; Wat. Code, § 8.)

appeals. So tested, the determination of the trial court is supported by the record.

### Due Process

Appellant contends that Government Code section 6000 must be construed to require that only English language newspapers may qualify as those of general circulation because publication in a non-English language newspaper will not satisfy the requirements of due process of law. It argues that publication in a foreign language newspaper is not as likely to give actual notice as publication in a newspaper printed in English. The argument misconceives the rationale of constructive notice by publication.

Due process is satisfied by notice by publication because of a rule of necessity. (*Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652].) It is a tenet of due process of law that generally notice must be given which will inform persons of proceedings which will adversely affect their legally protected interests. In some situations, as for example when the identity or location of the persons to be affected is unknown, actual notice is not possible. Decisional law has established the proposition that in those situations the requirement of notice is not excused but rather is satisfied by a fictional form. The most common fictional form is notice by publication.

Due process is satisfied in those circumstances where notice by publication is sufficient, not because of the likelihood that publication will give actual notice, but because publication satisfies the legal fiction. (See *Walker* v. *Hutchinson,* 352 U.S. 112, 116 [1 L.Ed.2d 178, 182, 77 S.Ct. 200]: "It is common knowledge that mere newspaper publication rarely informs a landowner of proceedings against his property.")[3] The selection of the detail of one method of publication over another where the rule of necessity pertains is thus not a matter of due process but rather a matter of judgment. That judgment is a subject for the legislative rather than the judicial branch of government.

The California Legislature has adopted a statutory rule defining newspapers qualified to carry legal notices and advertising which does not impose as one of its requirements publication in the English language. We

---

[3]Because notice by publication is fictional in character, it does not satisfy due process where the rule of necessity is inapplicable. Thus, published notice alone is inadequate where some method of actual notice is feasible. (*Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652]; *Walker* v. *Hutchinson,* 352 U.S. 112 [1 L.Ed.2d 178, 77 S.Ct. 200]; *Schroeder* v. *New York,* 371 U.S. 208 [9 L.Ed.2d 255, 83 S.Ct. 279, 89 A.L.R.2d 1398]; Witkin, Cal. Procedure (1967 Supp.) Jurisdiction, § 105.)

are without power to follow appellant's suggestion that we substitute our judgment of the wisdom of that rule for that of the Legislature.

### Conclusion

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.

A petition for a rehearing was denied September 25, 1970, and appellant's petition for a hearing by the Supreme Court was denied October 28, 1970.