No. 26,524.

UNION PACIFIC RAILROAD COMPANY, *Plaintiff*, v. FLORA M. STRATE-
MEYER, as Register of Deeds of Shawnee County, THE PUBLIC
SERVICE COMMISSION OF THE STATE OF KANSAS et al., *Defendants*.

SYLLABUS BY THE COURT.

MORTGAGES—*Additional Security—Necessity of Registration Fee*. Under the
statute reading that no registration fee need be paid upon the filing of a
mortgage given solely for the purpose of providing additional security for
the indebtedness secured by an earlier mortgage "where the registration fee
herein provided for has been paid on the original mortgage," no registration
fee is necessary in the case of such a supplemental mortgage where the orig-
inal mortgage was recorded at a time when no registration fee was required.

Original proceeding in mandamus. Opinion filed July 9, 1925. Judgment
for plaintiff.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the plaintiff.
*M. J. Healy* and *John M. Kinkel,* both of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: Union Pacific Railroad Company brings this pro-
ceeding in mandamus against state and county officers to require
the recording of a mortgage given by it upon real estate in Kan-
sas and other property, without the payment of a registration fee
(no reference being made here or elsewhere herein to the charge
for the register's service in recording) upon the ground that it was
given merely for the purpose of adding new property as security
for the debt secured by an earlier mortgage which had already
been recorded. The facts are agreed to and the case is submitted
for a final decision upon the pleadings.

The statute we are required to interpret, so far as it affects the
question under consideration, reads:

"Before any mortgage of real property, or renewal or extension of the same
shall be received and filed for record on and after the first day of March, 1925,
there shall be paid to the register of deeds of the county in which such prop-
erty or any part thereof is situated a registration fee for each one hundred
dollars and major fraction thereof, of the principal debt or obligation which
is secured by such mortgage, the sum of 25 cents; that no registration fee
whatsoever be paid, collected or required for or on any mortgage or other in-
strument, given solely for the purpose of correcting or perfecting a previously
recorded mortgage or other instrument, or for the purpose of providing addi-

1. Mortgages, 27 Cyc. p. 1155.

tional security for the same indebtedness, where the registration fee herein provided for has been paid on the original mortgage or instrument: . . . *Provided further,* That after the payment of the registration fees as aforesaid the mortgage and the note thereby secured shall not otherwise be taxable.

"The holder of any mortgage of real estate recorded prior to March 1, 1925, may pay to the register of deeds of the proper county the tax herein prescribed, upon the amount of the debt secured by the mortgage at the time of such payment, as shown by the affidavit of the owner of such mortgage, filed with said register of deeds, for the unexpired term of such mortgage. The register of deeds upon such payment shall indorse upon the said instrument a receipt for the payment of such registration fee, together with the unpaid amount of the secured indebtedness at the date of such payment. Thereafter such mortgage and the note secured thereby shall not be otherwise taxable." (Laws 1925, ch. 273, §§ 2, 3.)

The original mortgage was executed by the plaintiff July 1, 1897, covering all its property and securing a bond issue of $100,000,000. It was duly recorded, no payment of any fee except that of the register of deeds for his services in recording it being then required. By its terms the plaintiff is under an obligation to subject after-acquired property to its lien, and the purpose of the new mortgage, the recording of which is now in question, is to give as additional security property of the approximate value of $150,000, the title to which the plaintiff has lately acquired. The amount of registration fee required by the new statute (Laws 1925, ch. 273) is 25 cents for each $100 of face value of the debt secured, a *pro rata* deduction being made where, as here, the property covered is not all within the state. (§§ 2, 6.) Approximately one-fifth of the mortgaged property is said to be in Kansas, so the registration fee would amount to $50,000. The value of the property constituting the new security is placed at $150,000. Inasmuch as the amount of the registration fee is determined entirely by the sum secured, and is not at all affected by the value of the property constituting the security, there is no way by which anything less than the full amount of $50,000 could be charged or accepted. The plaintiff claims that it is entitled to have the new mortgage recorded without paying any registration fee, by virtue of the provision "that no registration fee whatsoever [shall] be paid, collected or required for or on any mortgage or other instrument, given solely for the purpose of correcting or perfecting a previously recorded mortgage or other instrument, or for the purpose of providing additional security for the same indebtedness, where the registration fee herein provided for has been paid on the original mortgage."

The new mortgage here involved was given for the purpose of providing additional security for the same indebtedness, and is entitled to record without the payment of a registration fee if it is otherwise within the statute. It cannot be said literally that the registration fee has been paid on the original mortgage, but the plaintiff contends that, inasmuch as at the time it was filed for record the law made no provision for a registration fee, it paid everything required of it and is within the spirit and intent of the statute authorizing the record without charge of a mortgage which merely adds new security to the old debt. In support of this contention these arguments are made:

The legislature intended to impose the tax on the indebtedness and not on the security. There was no intention to place a burden upon the holders of mortgages recorded prior to the enactment of the present law where additional security was given for an old debt but no new debt was created. To require the plaintiff to pay the registration fee would in substance give a retroactive operation to the statute, which courts always avoid where any other construction is open, and which in this case would involve a question of the constitutionality of the statute. The situation is analogous to that presented in *The State v. Trust Co.*, 99 Kan. 841, 163 Pac. 156, where a purely prospective operation was given to a provision of the inheritance law. The statute should be interpreted as requiring the payment of a registration fee on a supplemental mortgage, the purpose of which is to add new security to an old one, only where the original mortgage was executed after the passage of the present act. A filing of a new instrument securing the same debt should not involve the payment of a registration fee except where there has previously been an omission to comply with the law. A tax of $50,000 upon the privilege of adding $150,000 to the property securing a debt is practically prohibitory, and the legislature cannot have intended so unreasonable a result. The New York statute on the subject, the language of which is not closely followed in our own, but which is obviously intended to reach the same results, provides that a charge shall not be made for the filing of a supplemental mortgage extending the lien to new property, where "all taxes, if any," accrued under the statute have been paid. (8 B. C. & G.'s Annotated Consolidated Laws, p. 8586.) The New York legislature by inserting the words "if any" merely made clear beyond controversy the meaning to which a fair interpretation of

the whole statute in the light of its purpose would have led without them.

In behalf of the defendants it is argued that the clearly expressed intention of the legislature is that a registration fee must be paid for all real-estate mortgages filed for record after March 1, 1925, except where such a fee has already been paid upon an earlier mortgage to which it is supplemental; that if the legislature had intended the exception to apply where no such fee had been paid, because none was at the time required, it would have inserted the words "if any" as the New York legislature did, or made some equivalent change in the language; that if this interpretation is to be regarded as retroactive the meaning is sufficiently plain to warrant giving the statute that effect; that the tax is not upon the indebtedness but upon the mortgage as security for the indebtedness (*Mutual Benefit Ins. Co. v. County of Martin*, 104 Minn. 179).

There is a manifest hardship in requiring the payment of a registration tax, measured by the amount of the mortgage debt, for the privilege of filing a supplemental mortgage, the sole purpose of which is to make a relatively small addition to the amount of property by which an earlier mortgage is secured. . And it does not appear that the interpretation contended for by the plaintiff would in its general application bring about unfair results. The legislature gives to one who, at the time the new law was passed, owned a recorded mortgage the option of either paying the registration fee and thereby relieving it from further taxation, or of omitting to do so and thereby exposing it to the same taxation as other credits and money. The giving of such a supplemental mortgage does not add to the amount of the debt and does not add to its value to the owner except to the extent the original mortgage may be insufficient security. There is no relation whatever between the amount of the registration tax as computed under the statute and the value of such a supplemental mortgage. The legislature recognized this in the provision in relation thereto. The expression "where the registration fee herein provided for has been paid on the original mortgage" needs interpretation. An original mortgage could not legally be recorded after March 1, 1925, without the fee being paid, and for a record before that date no fee could have been paid, for the law required none. There is no reason to suppose so useless a thing as a second record of the same mortgage was contemplated. If it had been the purpose of the legislature to compel

the payment of a registration fee for a mortgage supplemental to an original mortgage recorded before the act was passed, the statute would naturally have described the mortgages which could be filed without registration as those supplemental to mortgages recorded after March 1, 1925.

The court is of the opinion that the statute may be and should be construed to allow the record of. the plaintiff's supplemental mortgage without the payment of a registration fee.

Judgment is accordingly rendered for the plaintiff.

HOPKINS, J., dissenting.