Tegarden v. Brown.

---

No. 27,207.

DORA E. TEGARDEN, *Appellee*, v. ED BROWN, *Appellant*.

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Review—Rulings on First Trial After New Trial Granted.* Where a trial of a cause has been had and a new trial granted and thereafter a second trial is had from which an appeal is taken, the rulings made on the first trial are not open to review on the appeal taken on the second.

2. DEPOSITIONS—*Manner of Taking—Compliance With Statute.* A deposition written in shorthand in the presence of a competent officer and of the witnesses, then transcribed by the stenographer and when thus written subscribed by the witnesses in the presence of the officer, constitutes a substantial compliance with R. S. 60-2837 and may be properly received in evidence.

3. TRIAL—*Conduct of Counsel—Argument to Jury.* An objection to the argument made by counsel to the jury on matters said to be outside of the evidence, considered and the argument held to be unprejudicial.

4. BILLS AND NOTES—*Holder in Due Course—Evidence — Instructions.* Objections to rulings on the admission of evidence and to instructions given by the court are held not to be well founded.

5. SAME—*Holder in Due Course—Evidence.* The evidence, some of which was in dispute, examined and held to be sufficient to support the findings of the jury.

Appeal from Ford district court; KARL MILLER, judge. Opinion filed June 11, 1927. Affirmed.

*Roy R. Hubbard*, of Kansas City, for the appellant.

*Charles B. Griffith*, of Topeka, *Albert Watkins* and *Arthur C. Scates*, both of Dodge City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Dora E. Tegarden brought this action against Ed Brown to recover upon three promissory notes; one was for the

---

Appeal and Error, 4 C. J. pp. 683 n. 11, 957 n. 66. Arguments of Counsel, 2 R. C. L. 416. Bills and Notes, 8 C. J. pp. 1022 n. 35, 1046 n. 9, 1073 n. 5. Depositions, 18 C. J. p. 695 n. 29, 8 R. C. L. 1155.

amount of $2,000, another for that amount and still another for $1,000, executed by the defendant on October 27, 1920, payable to J. I. Sheppard six months after date, and it was alleged that Sheppard sold and indorsed them before maturity to the plaintiff. Plaintiff recovered and defendant appeals.

Defendant admitted the execution of the notes but alleged that they were issued without consideration, that they were never sold nor transferred to the plaintiff and she was not the owner thereof; that she never paid any consideration for them, and further that they had not been indorsed to plaintiff before maturity. The defendant assigns many errors, a number of which are not regarded as material and will not require special attention. It appears that there was a former trial of the case, at the end of which a new trial was granted. In the new trial defendant attempted to raise questions on rulings made in the first trial, and has much to say in this appeal as to the effect of the rulings on the first, but these objections are not open to consideration on this appeal. An appeal was taken by defendant from the granting of a new trial at the end of the first trial, which was not prosecuted.

There is complaint that a deposition was not suppressed which was asked on the ground that the testimony was taken in shorthand instead of longhand. It is shown that the testimony was reduced to writing in the presence of the officer taking the depositions and of the witnesses. It was then transcribed by the stenographer and was respectively signed by the witnesses in the presence of the officer. It thus appears that there was substantial compliance with the statute governing the taking of depositions (R. S. 60-2837), and hence there was no error in denying the motion to suppress the depositions.

Some other objections are made to rulings on the admission of testimony, but on an examination of them we find them to be without merit.

Complaint is made of the instructions of the court, but it appears that defendant made no objection to them when they were given to the jury. The objections he now makes are mainly that the evidence was not of a kind that warranted the giving of instructions on some of the questions presented, but we find no lack of evidence upon which the instructions were based and no justification for the objection now made.

Tegarden v. Brown.

Complaint is made of the argument of one of the counsel for the plaintiff, in closing the case, to the jury. It is said that counsel was an incumbent of the office of attorney-general at the time, that he had great forensic powers and dramatic ability and that he referred to matters not in evidence and eulogized some witnesses, criticized others, and, it is asserted, contributed largely to the result reached by the jury. An examination of the argument, or those parts of it to which objections were made at the time, leads us to the conclusion that while some comments were made as to the personnel of the lawsuit and to a few matters outside of the evidence, none of them are deemed to be of a prejudicial character and a verdict cannot be set aside unless they were of a kind to unduly influence the jury.

Most of the defendant's argument is devoted to what is deemed the insufficiency of the evidence. There were contradictions in it, but these conflicts have been settled by the jury. Abundant evidence is found in the record tending to show that plaintiff owned the notes, had purchased them, that they had been transferred to her before maturity and that she had paid a valuable consideration for them. The findings of the jury on the disputed evidence are conclusive on the parties and also upon this court.

Some other objections are presented, but we find nothing material in them.

The judgment is affirmed.