No. 31,027.

THE MINNESOTA TRIBUNE COMPANY, *Appellee*, v. LOUIS SWAY, *Appellant*.

(20 P. 2d 490.)

Opinion filed April 8, 1933.

*J. Graham Campbell, W. M. Glenn* and *Clifford E. Branch,* all of Wichita, for the appellant.

*C. L. Kagey, Hal M. Black, L. M. Kagey* and *Roy B. Darlington,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a sum due under a written contract signed by defendant for advertising in a newspaper published by plaintiff at Minneapolis, Minn. Plaintiff recovered, and defendant has appealed.

The evidence on plaintiff's behalf, in addition to the written contract, consisted of the depositions of its officers and employees taken at Minneapolis. Appellant contends the court erred in permitting the depositions to be read in evidence for two reasons: *First,* that the notary's certificate to the depositions did not affirmatively show that he was not "a clerk or stenographer of either party, or attorney for either party." It is true that the officer before whom depositions are taken must not be related to, or an attorney of, either party, or otherwise interested in the event of the action or proceeding, or clerk or stenographer of either party, or attorney of either party (R. S. 60-2825), but the section of the statute (R. S. 60-2842) specifying what shall be in the certificate of the officer before whom the depositions are taken does not require that it contain a statement that such officer was "not a clerk or stenographer of either party, or attorney for either party." Hence ap-

pellant's point is not well taken. Appellant's second contention is that when the depositions were read there was no specific showing that the witnesses whose depositions had been taken were not residents of the county where the trial was being conducted. There is no contention that they were residents of such county, or present therein, and the depositions show on their face that they are officers or employees of the printing company publishing a paper at Minneapolis, Minn. It was not error for the court to overrule this objection to the reading of the depositions.

In this case defendant did not file exceptions to the depositions in writing before the beginning of the trial, as required by R. S. 60-2846 and 60-2847. In addition to that the parties had stipulated in writing that the depositions should be read. In view of these facts the objections made in the court below to the reading of the depositions were properly overruled.

The judgment of the court below is affirmed.