No. 32,307

Brattleboro Savings Bank, *Appellee*, v. Laura Arbegast, Annie M. Arbegast and Susie K. Arbegast, *Appellants*, and Mabel D. Dakan et al., *Appellees*.

(46 P. 2d 884)

Opinion filed July 6, 1935.

*Arthur Cranston*, of Parsons, for the appellants.

*Earl Bohannon*, of Parsons, and *Dwight A. Olds*, of Oswego, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action on a promissory note and to foreclose a mortgage given to secure its payment. The trial court sustained plaintiff's motion for judgment on the pleadings. The real property was sold under the court's decree and the sale was confirmed. The principal defendants have appealed.

The answer filed by the principal defendants contained a general denial, admitted the execution of the note and mortgage sued upon, and as specific defenses alleged:

(1) That the note was payable in gold coin; that such payment is now against the public policy; that gold coin has been withdrawn from circulation; hence, that payment in gold coin was not only illegal but impossible. Respecting this defense it may be said, in *Norman v. Baltimore & Ohio R. Co.*, 79 L. Ed. 417, 55 S. Ct. 407, it was held that the payee of such a note was required to take payment in lawful money of the United States, and the court's decree

in this case was in accordance with that view; hence, appellants cannot complain.

(2) That there was no assignment of the note and mortgage from the original payee to plaintiff. The note bore the written endorsement of the payee and the mortgage the written assignment, which had been duly recorded; hence, this point was not well taken.

(3) That neither the original payee nor plaintiff had paid the registration fee upon the mortgage, required by chapter 273 of the Laws of 1925 (R. S. 1933 Supp. 79-3101 to 79-3107). The mortgage sued upon in this action was made to the Deming Investment Company of Oswego, Kan. It was acknowledged October 1, 1924, recorded October 9, 1924, and was assigned the next day to plaintiff, a Vermont corporation, which corporation has continued since that time to own the note and mortgage. The statutes above mentioned do not require the payment of the registration fee on mortgages executed and recorded prior to the passage of the statute and owned by nonresidents of the state. Perhaps a provision of the statute making such a requirement would be invalid, but we need not determine that question, for it is not before us. It is sufficient to say the statute does not purport to make such a requirement. In this connection see *Union Pac. Rld. Co. v. Stratemeyer*, 119 Kan. 8, 237 Pac. 873.

(4) That plaintiff and its assignor coöperated to conceal the note and mortgage from the taxing officers, both of Kansas and Vermont, so that taxes would not be paid thereon in either state. We find nothing in the record to support such an allegation. The Deming Investment Company made the loan, took the note and mortgage, and transferred them to plaintiff before the statute requiring the mortgage registration fee was enacted. Certainly it cannot be charged with having attempted to evade a statute not then in existence. Since the transfer of the note and mortgage to plaintiff it has not been taxable in Kansas. Appellants are not concerned with whether the note and mortgage have been taxed in Vermont, and their general allegation to the effect that it had not been so taxed is not a defense to this action.

The result is, the answer stated no defense, and the trial court properly sustained plaintiff's motion for judgment on the pleadings.

We may say the questions raised by the answer, or some of them, were also raised in slightly different form by a demurrer to the

petition and by motions opposing the confirmation of the sheriff's sale. It is not necessary to treat these separately.

We find no error in the record. The judgment of the court below is affirmed.