No. 32,286

FIDELITY NATIONAL BANK AND TRUST COMPANY, of Kansas City, Trustee of Mercy Hospital Endowment Fund No. 1, *Appellee*, v. J. W. CLONINGER and RUTH CLONINGER, *Appellants*. (THE FIDELITY SAVINGS TRUST COMPANY, *Appellee*.)

(51 P. 2d 35)

*Arthur Cranston,* of Parsons, for the appellants.

*Payne H. Ratner, Stuart McAlister,* both of Parsons, *Justin D. Bowersock, Robert B. Fizzell* and *John F. Rhodes,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is from a judgment for plaintiff in an action for an ordinary foreclosure of a mortgage.

The statement of the case by the defendants, who are the appellants here, in their abstract, disposes of some of the law propositions submitted to the trial court and argued here as errors made by that court. It is said in the statement that John W. Cloninger, one of the defendants, mortgaged his farm in Labette county on April 11, 1923, to secure his note of $5,000 payable in ten years to the Fidelity Savings Trust Company. The amended petition pleads these matters, but it is strongly urged the petition should have been made more definite and certain, and the demurrer thereto should have been sustained because the petition failed to state that the registration fee had been paid on the mortgage, without which it could not be introduced in evidence nor could judgment be rendered thereon. The statement gives the date of the note secured by this mortgage as April 11, 1923. The registration fee law (R. S. 1933 Supp. 79-3107) was enacted February 23, 1925, and made to apply only to all mortgages executed on or after March 1, 1925. So the matter of paying the registration fee is not involved in this case. (*Brattleboro Savings Bank v. Arbegast,* 142 Kan. 293, 46 P. 2d 884.)

Another matter strongly urged by appellants is also disposed of by this statement. Appellants demanded a jury trial on the ground that the verified answer put in issue the indebtedness of the principal defendant. The petition, like the statement, alleges that he executed a note for $5,000 which was secured by a mortgage. The verified answer does not deny the execution of the note nor allege payment of the same. So the verified answer did not put in issue the execution of the note (*Kimble v. Bunny,* 61 Kan. 665, 60 Pac. 746), nor was a jury issue raised by the pleadings. (*Union State Bank v. Chapman,* 124 Kan. 315, 259 Pac. 681.)

The numerous other defects pointed out by the appellants as

being in or omitted from the amended petition, including allegations as to corporate existence and trust relations, were not defects making the amended petition demurrable, and the rulings of the trial court thereon were correct.

Another point urged by appellants was the refusal of the trial court to postpone the hearing of defendants' motion to take the case from the calendar of the court because the first motion day under supreme court rule 28 (now 45) was March 6, after the filing of notice of trial date was served on defendants on January 29, 1934, for trial on February 2, 1934. Defendants urge that under rule 45 of this court no motion can stand for hearing before the first motion day following the fifth day after the filing of the same, which would be March 6, 1934, and that the court erred in ruling on these motions on February 2, 1934, and commencing the trial of the case on that day. Such a construction of rule 45 is not consistent with the preceding and subsequent rules showing the direct intent and purpose of the rules was not to delay the hearing of motions, but to require an expeditious hearing of all motions. The construction contended for by appellants would be out of harmony with the statute on this same subject, R. S. 60-2932, which is as follows:

"Action shall be triable on the issues of fact in ten days after the issues are made up. Issues of law and motions may be tried by the court or judge in term time or vacation, at such times as the court or judge may fix, after reasonable notice, which shall not be less than three days."

The same contention was made later in the case with reference to the hearing of the motion of plaintiff to confirm the sale of the property made by the sheriff. The sale was made on June 5, 1934. Notice was served on defendants on June 21, 1934, to hear this motion two days later, or June 23. At that time the court declined to hear the motion because of the time of the notice being too short, but set the hearing for June 27, at which time it was heard, and the sale was then confirmed over the objection of the defendants, who argue and claim that it could not properly have been heard under the rule of this court until September 17, 1934, which was the first motion day after the service of the notice. Such was not a proper construction of the rule or the requirement of the statute.

Appellants insist that the certificate of the notary public to the depositions used by plaintiff in the trial does not comply with R. S. 60-2825 nor R. S. 60-2842 and is in violation of R. S. 60-2837.

Neither the first nor the last of these sections concern the contents of the certificate, and no showing was made outside of the certificate itself as to the requirements of these two sections. R. S. 60-2842 states what the certificate shall contain, and there is no question in this case but that it does contain all that this section requires. The other two sections prescribe the qualifications of the officer taking the deposition and how it shall be taken. These are not matters to be set out in the certificate. If they are disregarded or violated, proof to that effect might be furnished by the party attacking the regularity of the taking of the depositions.

In *Minnesota Tribune Co. v. Sway*, 137 Kan. 352, 20 P. 2d 490, it was held:

"Our statute (R. S. 60-2842) does not require an officer before whom a deposition is taken to state in his certificate that he is not 'a clerk or stenographer of either party, or attorney for either party.'" (Syl. ¶ 1.) (See, also, *Tegarden v. Brown*, 123 Kan. 603, 256 Pac. 986.)

We find no error in the admission of the evidence contained in the deposition of either of the two witnesses, nor as to the evidence concerning the payment of taxes, nor in the overruling of the demurrer to the evidence of plaintiff.

The trial court made extended findings of fact and followed them with conclusions of law. Appellants contend that the findings were not supported by sufficient evidence and were therefore erroneous. There was, in our judgment, sufficient evidence to support the findings, and the conclusions of law were such as could properly be based thereon.

Appellants contend that the publication of the notice of sheriff's sale was illegal in not being consecutively published on Wednesday of each week, and in violation of the requirements of the statute authorizing legal publications to be made in daily newspapers (R. S. 64-102), the portion thereof which is here concerned is as follows:

"That all legal publications and notices of whatever kind or character that may by law be required to be published a certain number of weeks or days shall be and they are hereby declared to be legally published when they have been published once each week in a daily newspaper, such publications in such daily papers to be made upon Wednesday or Thursday of each week. . . ."

The publications were made Wednesday of each of four consecutive weeks and then the fifth publication was made on Thursday,

presumably on account of the fifth Wednesday being a holiday, May 30. The date of the sale, as stated in each of the publications, was to be June 5, and the publications were made on May 2, 9, 16, 23 and 31, all being on Wednesday except the last, which was on Thursday. Does the section above quoted require that all the publications be on the same day of the week?

Appellants cite *Boyd v. McFarlin*, 58 Ga. 208, where the statute required the sheriff's sale notice to be published weekly for four weeks in some newspaper, and it was there held that it was not a compliance with the requirements of the statute to publish it four times in four consecutive weeks instead of weekly for four weeks or twenty-eight days. Counsel for appellants also cite the later decision of the same court (*Bird v. Burgsteiner*, 100 Ga. 486) which refers to the amendment of the statute made in 1891, which eliminated the requirement of twenty-eight days intervening between the first and last publication and then construes the amended statute to mean just four weekly publications, regardless of the intervening time, and concluded the holding as follows:

". . . hence the act, in referring to the publication to be made once a week for four weeks, means a calendar week, and if notice shall be made on any day of a calendar week, that shall be counted as a publication for that week; and this construction would allow a notice to be made on a day within the week when the sale is to take place, because the act expressly excludes computation of days." (p. 491.)

This is not our case because R. S. 60-3416, requiring such publication to be made, does so by fixing the number of days for which the notice shall be given, viz., thirty days before the day of sale. Full compliance was made in the case at bar with this requirement (*Bank v. Kennedy*, 98 Kan. 51, 157 Pac. 417), but because the last notice was published on Thursday instead of Wednesday it would not seem to be in violation of the terms of the statute. The notices were published "once each week in a daily newspaper" and were "upon Wednesday or Thursday of each week." (See *Ronkendorff v. Taylor's Lessee*, 29 U. S. 349.)

Another objection made by appellants was to the confirmation of the sale. It was two-fold and involved the right of an agent or attorney to authorize another to act in his stead in carrying out the request of the plaintiff as to bidding at the sale, and the right of the sheriff to act in an individual capacity in making the bid requested by the plaintiff to be made. As early as *Moore v. Pye*, 10 Kan.

246, the latter right was recognized, and as late as *Wright v. Providence Washington Ins. Co.*, 130 Kan. 438, 286 Pac. 237, the authority of an agent has been recognized to delegate to a subagent the execution of acts clerical or ministerial. The testimony heard by the trial court brings both these matters fully within the limitations of the last two decisions cited, so that the announcing by the sheriff of the bid requested by the attorney of the plaintiff to be made was not a reason for setting the sale aside or refusing to confirm the sale.

Many other propositions are raised and discussed in the appellants' brief, but we do not find error in the ruling of the trial court on any of them.

The judgment is affirmed.