Richard A. Euson County Counselor 525 North Main, Suite 359 Wichita, Kansas 67203-3790
Dear Mr. Euson:
As Sedgwick County Counselor and on behalf of the Sedgwick County Register of Deeds, you request our opinion regarding assessment of mortgage registration fees for the filing of certain "master construction mortgages" and related documents. Your question is based on the following scenario:
"1) Developer obtains authority from Bank for a set amount of credit.
"2) The Developer initially mortgages properties A, B, C, D, and E as collateral for the debt.
"3) The Bank has the master construction mortgage recorded for properties A, B, C, D, and E, and it pays the mortgage registration tax on the amount secured by the original mortgage.
"4) The properties mortgaged are vacant lots which the Developer then builds new homes on.
"5) After building the homes, the Developer sells properties A and B. The proceeds from the sale are used to pay down the line of credit. The Bank issues a partial release for properties A and B.
"6) The Developer then draws on the line of credit to purchase properties F and G, which also are vacant lots to be developed. The Bank records a mortgage modification agreement that purports to add properties F and G to the master mortgage as `additional collateral.' A K.S.A. 79-3102(d)(3) affidavit is filed with the mortgage modification agreement and no mortgage registration tax is paid when the mortgage modification agreement is filed."
You provide samples of the documents in question and pose the following questions:
"1) Are the documents titled `Mortgage Modification Agreements' exempt from mortgage registration tax under K.S.A. 79-3102(d)(2), or in other words does this qualify as `additional security' for the `same indebtedness'?
"2) Are the documents titled `Mortgage Modification Agreements' exempt from mortgage registration tax under K.S.A. 79-3102(d)(3), or in other words does this qualify as `principal indebtedness covered or included in a previously recorded mortgage'?
"3) Is it required that the document titled `Mortgage Modification Agreement' state an amount of indebtedness related to the mortgage modification?
"4) Does the form of the sample affidavit meet the requirements of K.S.A. 79-3102(d)(3)?
"5) What action, if any, should the Register of Deeds take if he or she reasonably believes an affidavit submitted under K.S.A. 79-3102(d)(3) misstates a material fact?"
K.S.A. 79-3101 et seq. require imposition of a fee on the filing of any mortgage of real property, or the renewal or extension of such a mortgage.[1] The fee is calculated on the amount of principal debt or obligation secured by the mortgage or, in the event the mortgage states that an amount less than the entire principal debt or obligation is to be secured, then the fee is based on that lesser amount.[2] Subsection (b) of K.S.A. 79-3102 sets forth several exceptions to the fee requirement. Your queries center around the second and third of these exceptions:
"(d) No registration fee whatsoever shall be paid, collected or required for or on:
. . . .
"(2) any mortgage or other instrument given for the purpose of providing additional security for the same indebtedness, where the registration fee herein provided for has been paid on the original mortgage or instrument;
"(3) any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument with the same lender or their assigns upon which the registration fee herein provided for has been paid;. . . ."[3]
You indicate your belief that the exception stated in K.S.A.79-3102(d)(2) does not apply under the given set of circumstances because it is your view that the properties being added by means of the mortgage modification agreements, rather than being added as additional security, are actually being added as substitute security for other properties that are then, or have been, released from the mortgage. You point out that because the mortgage registration fee is a tax,[4] the exceptions to the tax must be strictly construed and the burden is on the taxpayer to show that they clearly come within the provisions of the exception.[5]
To our knowledge, the only appellate court cases and prior opinions directly addressing subsection (d)(2) of K.S.A. 79-3102 appear to involve situations where the addition of collateral was in fact for purposes of adding, rather than substituting, property.[6] However, addressing the application of subsection (d)(3), we stated in Attorney General Opinion No. 90-127 that substitution of collateral was not determinative of whether the fee should be assessed; rather, the test is whether the modification agreement secures the same indebtedness that was secured by the original agreement. As stated previously, the mortgage registration fee is based on the amount of principal indebtedness; it is not based on the identity[7] or value of the property securing repayment of the indebtedness.[8] Thus, we fail to see how it matters whether the property being added by a mortgage modification agreement is purely additional, as opposed to substitute, collateral, except as a factor in determining whether the indebtedness is in fact the same as that secured by the original mortgage, especially when the modification agreement adding property and the release of other properties are not filed simultaneously. In this regard, we note that the exception for instruments given for the purpose of providing additional security no longer states that the instrument must be given "solely" for this purpose.[9]
Whether the mortgage modification agreement secures the "same indebtedness" as the original mortgage upon which fees were paid must be determined for application of either subsection (d)(2) or (d)(3). The issue you present here is whether a revolving line of credit can be considered the same indebtedness, when the debt is continually being paid down and subsequent advances, or readvances, extended. This office has addressed this issue twice previously and has concluded that "a mortgage containing a future advance clause secures initial and future advances up to the maximum amount stated in the mortgage as being secured. Thus, mortgage registration fees shall be imposed on the maximum amount stated as being secured and no additional fees shall be charged for future advances unless and until the mortgagee refiles the mortgage to secure more than the maximum amount stated as secured in the original mortgage."[10] There have been no statutory amendments or recorded cases that would alter this conclusion. Even though money changes hands, the debt remains the same. While we understand the Register of Deeds' concern that use of a close-ended future advance clause appears to be creative way to circumvent the spirit of the law, we believe that unless the statutes are amended to preclude its usage without paying additional fees whenever future advances or readvances are made, it is within the letter of the exemption, assuming, for purposes of subsection (d)(3), an affidavit is properly filed and the other requirements of the pertinent exception are met.
With regard to the form of the affidavit, the only requirement set forth in the statute is that it verify what portion of the consideration stated in the new instrument is principal indebtedness covered by a previously recorded mortgage or other instrument upon which the registration fee has been paid. It is our opinion that the affidavit should clearly state that the instrument to which it is attached secures the same indebtedness (or whatever portion of that indebtedness) covered by a previously recorded mortgage, identify the previously recorded mortgage and confirm that the registration fee was in fact paid on that previously recorded mortgage. The sample affidavit you have provided lists previously filed instruments upon which the fee has been paid, notes that the lender was the same for each, and identifies where the previously filed instruments may be found in the register of deeds files. It also states that the new instrument to be filed contains no new indebtedness. However, it does not verify that the new instrument secures the same indebtedness as is secured by those instruments that are listed in the affidavit. Therefore, it is our opinion that the sample affidavit does not meet the requirements of K.S.A. 79-3102(d)(3).
With regard to what action, if any, a register of deeds should take if he or she reasonably believes that an affidavit submitted under K.S.A. 79-3102(d)(3) misstates a material fact, we refer you to Attorney General Opinions No. 87-162, 84-48, 82-164 and 75-440.
In conclusion, property that is added to a mortgage may be considered "additional security" for purposes of the K.S.A. 79-3102(d)(2) exemption from mortgage registration fees even if other properties have been, or will later be, released from that mortgage. A modification agreement modifying a mortgage that contains a future advance clause may be qualified for K.S.A. 79-3102(d)(3) exemption even though the principal has been paid down and advances given. The key element for both exemptions is whether the modification agreements secure the same indebtedness as secured by a previously filed mortgage upon which those fees have already been paid.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] K.S.A. 79-3102(a).
[2] Id.
[3] K.S.A. 79-3102(d)(3) and (d)(4).
[4] GT, Kansas, L.L.C. v. Riley County Register of Deeds, 271 Kan. 311,317 (2001), quoting extensively from Halliburton Co. v. Board of JacksonCounty Comm'rs, 12 Kan. App. 2d 704, 707-08, rev. denied 243 Kan. 778 (1988).
[5] GT, 271 Kan. at 318. The Court also notes, however, that tax statutes are not to be extended beyond the clear import of the language found therein, and that if there is a reasonable doubt as to the application of a tax statute, it should be construed in favor of the taxpayer.
[6] Union Pac. Rld. Co. v. Stratemeyer, 119 Kan. 8 (1925); Attorney General Opinions No. 76-269, 75-7.
[7] Although the instrument must create or impose a lien on real property for the fee to apply.
[8] Union Pac. Rld. Co. v. Stratemeyer, 119 Kan. at 9 (1925); Attorney General Opinion No. 76-269.
[9] Compare L. 1925, Ch. 273, § 2; Meadowlark Hills, Inc. v. Kearns,211 Kan. 35, 40-41(1973), citing First Nat'l Bank v. Lovitt, 158 Kan. 535
(1944).
[10] Attorney General Opinion No. 93-43. See also Attorney General Opinion No. 91-81.